**John DOE, Appellant,**

v.

**Jerry LEE and James Keathley, Respondents.**

**No. ED 90404–01.**

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 6, 2009.

Lawrence Flemmings, St. Louis, MO, for appellant.

Luke Meiners, Clayton, MO, Michael Pritchett, Jefferson City, MO, for respondents.

NANNETTE A. BAKER, Judge.

### Introduction

John Doe ("Appellant") appeals from a judgment of the Circuit Court of St. Louis County granting summary judgment on all of Appellant's claims, in favor of Gene Overall, former Sheriff of St. Louis County; Jerry Lee, St. Louis County Chief of Police; and James Keathley, Superintendent of the Missouri Highway Patrol (Collectively "Respondents").

### Factual and Procedural Background

Both parties filed a joint stipulation of facts, and the facts are not in dispute. On April 24, 1994, Appellant pleaded guilty to two counts of assault with intent to commit sexual abuse in Dubuque County, Iowa.

Appellant was sentenced to two years' imprisonment. The court suspended execution of Appellant's sentence and placed Appellant on two years of probation. In 1995, Iowa enacted its sex offender registry law, which required Appellant to register as a sex offender for ten years following the date he was placed on probation.

Meanwhile, in May of 1994, Appellant moved to Missouri. Appellant continued to fulfill his registration requirements in Iowa. Missouri's sex offender registry law, Megan's law, went into effect on January 1, 1995. Under Section 589.400.1(5) RSMo (Supp.2006), now amended and codified as section 589.400.1(7) RSMo (Supp.2008), Appellant was required to register as a sex offender in Missouri because he had been previously required to register as a sex offender in Iowa. Appellant did register as a sex offender in Missouri with the St. Louis County Police Department until he was no longer required to register in Iowa in 2004.

On July 28, 2006, Appellant filed an action in St. Louis County seeking a declaration that he was no longer required to register as a sex offender under Megan's Law. Appellant also sought the expungement of records and information that he had previously provided to county officials. Respondents filed a motion for summary judgment on all of Appellant's claims, which was granted by the court. Appellant appealed.

### Standard of Review

■ Whether a motion for summary judgment should be granted is a question of law and our review is essentially de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is proper where the movant establishes the absence of any genuine issue of material fact and a legal right to judgment. *Id.* at 378. We will review the record in the light most favorable to the party against whom judgment has been entered. Facts set forth by affidavit or otherwise in support are taken as true unless contradicted by the non-moving party's response. *Id.* at 376. We will affirm the trial court's judgment if it is sustainable on any theory. *Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc.*, 239 S.W.3d 631, 634 (Mo.App. E.D. 2007).

### Discussion

In his first point, Appellant claims the trial court erred in granting summary judgment because of the requirement in Section 589.400.1(7) that he register in Missouri based on his 1994 Iowa convictions imposes a new obligation and duty on him with respect to past transactions, which impairs a vested and substantial right in violation of Missouri's constitutional prohibition against retrospective laws. Appellant asserts that because his 1994 Iowa convictions predated the effective date of Megan's Law, the law's application to him was in utter derogation of Article I, Section 13 of the Missouri Constitution.

■ The Missouri Supreme Court's recent decision in *Doe v. Keathley*, 290 S.W.3d 719 (Mo. banc 2009) is directly on point. In that case, the trial court found that respondents, who were convicted of sex crimes in other states before Megan's Law was enacted, were not required to register in Missouri. Prior to the trial court's ruling, the respondents were required to register under section 589.400.1(7) which provides that Missouri residents who have been convicted of an offense in another state or who have been or are required to register as a sex offender in another state or under federal law must register in Missouri. The respondents claimed that section 589.400.1(7) violated the constitutional ban on retrospec-

tive laws. The Missouri Supreme Court reversed, finding the constitutional ban on retrospective laws applies only to laws enacted by the state, and the obligation to register in this case arises under the federal Sexual Offender Registration and Notification Act (SORNA). *Doe v. Keathley,* 290 S.W.3d at 720 (Mo. banc 2009). SORNA creates an independent, federally mandated registration requirement:

> SORNA provides, *inter alia,* that "[a] sex offender shall register ... in each jurisdiction where the offender resides." 42 U.S.C. section 16913. A "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. section 16911(1). A "sex offense" includes a "criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. section 16911(6). SORNA applies to individuals who committed a sex offense prior to July 20, 2006. 42 U.S.C. section 16913(d); 28 C.F.R., section 72.3. Therefore, SORNA imposes an independent obligation requiring respondents to register as sex offenders in Missouri. The independent registration requirement under SORNA operates irrespective of any allegedly retrospective state law that has been enacted and may be subject to the article I, section 13 ban on the enactment of retrospective state laws.

*Id.* The Supreme Court ruled that the trial court erred in finding that the respondents were relieved from registering.

Likewise, in the case at bar, the Appellant has an independent obligation to register as a sex offender in Missouri under SORNA, and this obligation operates irrespective of any allegedly retrospective state law. In this case, SORNA applies retroactively, and obligates the Appellant to register in Missouri. The trial court did not err in granting Respondents summary judgment. Point I is denied.

In his second point on appeal, the Appellant argues that the registration requirements under Megan's Law have increased since he was originally required to register. He asserts that this increased burden creates a new obligation, and therefore, violates the constitutional ban on retrospective laws. We disagree, and for the same reasons his first point was denied, we deny his second point. The Appellant has an independent obligation to register in Missouri under SORNA, and this obligation includes current registration requirements under Megan's Law. As stated above SORNA operates independently of any allegedly retrospective state law. Point II is also denied.

### Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment.

MARY K. HOFF, J., and PATRICIA L. COHEN, J., concur.