Joseph C. SOLOMON, Respondent,

v.

ST. CHARLES COUNTY PROSECUT-ING ATTORNEY'S OFFICE, et al., Appellants.

No. ED 98559.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 23, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 2013.

Application for Transfer Denied Oct. 29, 2013.

Robert E. Hoeynck, Mary D. Delworth, Charles, MO, for appellant.

Bond Wilkison, St. Peters, MO., for respondent.

## *OPINION*

ANGELA T. QUIGLESS, Judge.

At the crux of this case is whether a federal requirement to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA)[1] can serve as a basis to require registration as a sex offender pursuant to Missouri's Sex Offender Registration Act (SORA).[2] The Sheriff of St. Charles County, the St. Charles County Prosecuting Attorney, and the Missouri Highway Patrol (Defendants) appeal from the judgment entered after a bench trial in favor of Joseph Solomon (Solomon) on his petition for a declaratory judgment.

Solomon petitioned the trial court to be removed from Missouri's sex offender registry alleging that he was never obligated to register under Missouri law. Solomon also sought a declaration that his obligation to register under the federal sex offender registry had terminated. The tri-

al court issued a judgment finding that Solomon was never obligated to register as a sex offender under Missouri law, and that his obligation to register under federal law terminated on April 4, 2011. We reverse and remand for the trial court to find that Solomon's lifetime registration requirement pursuant to SORA persists.

## I. BACKGROUND

The Prosecuting Attorney of St. Charles County charged Solomon with endangering the welfare of a child in the first degree, a class D felony, in violation of Section 568.045.[3] The complaint alleged that on or about July 1995, Solomon "engaged in sexual contact with [K.H.], a child less than seventeen years old for whom the defendant was a parent."

On April 4, 1996, Solomon pled guilty to the amended charge of sexual misconduct, a class A misdemeanor, in violation of Section 566.090. The information alleged that Solomon "purposely subjected [K.H.] to sexual contact without [K.H.]'s consent." The amended charge, the plea form, and the original disposition did not contain K.H.'s age. As required, Solomon registered as a sex offender under federal law pursuant to SORNA and in Missouri pursuant to SORA.

On June 30, 2011, fifteen years later, Solomon filed a petition requesting to be removed from Missouri's sex offender registry because the information filed in the underlying case failed to allege the victim's age. The petition alleged that Solomon was "improperly required to register with the Missouri Sex Offender Registry and

---

**1.** All references to SORNA are to 42 U.S.C. Section 16901 *et seq.* (2006).

**2.** All references to SORA are to Section 589.400 *et seq.* RSMo. (Cum.Supp.2010).

**3.** All references to Missouri statutes are to RSMo. (1995).

has been improperly included in said Registry since his conviction in April of 1996."

The trial court found that Solomon was never obligated to register as a sex offender under Missouri law because the documentation in the underlying criminal plea and conviction failed to allege the victim's age. The trial court further found that Solomon was no longer obligated to register as a sex offender under SORNA because such obligation terminated on April 4, 2011, after fifteen years. This appeal follows.

## II. DISCUSSION

### A. Standard of Review

■ Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* The interpretation and application of a statute to a given set of facts is a question of law we review *de novo*, giving no deference to the trial court's conclusions. *See Otte v. Edwards*, 370 S.W.3d 898, 900 (Mo.App. E.D.2012).

### B. Solomon's Federal Obligation to Register as a Sex Offender Triggered an Independent Obligation to Register Pursuant to SORA

■ In their first point on appeal, Defendants contend the trial court erred in finding Solomon met his federal registration obligation and, therefore, did not have to register under Missouri law. Defendants argue that a sex offender who has been or is required to register under federal law is required to register under Missouri law, even if the federal requirement has lapsed. We agree.

The interplay between the federal registration requirements pursuant to SORNA and Missouri's registration requirements pursuant to SORA has been well-documented. *See Doe v. Toelke*, 389 S.W.3d 165, 166–67 (Mo. banc 2012); *Doe v. Keathley*, 290 S.W.3d 719, 720–21 (Mo. banc 2009). SORA requires a Missouri resident to register as a sex offender if he or she "has been or is required to register under ... federal ... law...." Section 589.400.1(7). SORNA provides "a sex offender shall register ... in each jurisdiction where the offender resides." 43 U.S.C. Section 16913(a).

Solomon concedes that he was required to register as a sex offender pursuant to SORNA in that he was convicted of a sex offense that involved sexual contact with K.H.—that is not in dispute here. The trial court, however, made two findings that are now at issue: (1) Solomon "is under no current or further obligation to register as a sex offender...." and (2) Solomon is "not now obligated and was never obligated to register as a sex offender pursuant to RSMo. Section 589.400...."

■ Solomon's requirement to register as a sex offender pursuant to SORNA triggered an independent obligation for him to register as a sex offender pursuant to SORA. As such, Solomon's contention that his federal registration requirement cannot serve as the sole basis to require registration under Missouri law is belied by the controlling precedents. In *Toelke* and *Keathley*, the Missouri Supreme Court held that a Missouri resident deemed a sex offender pursuant to the terms of SORNA has an "independent, federally mandated registration requirement" that triggers the individual's duty to register in Missouri. *Toelke*, 389 S.W.3d at 167; *Keathley*, 290 S.W.3d at 720. The court found that the State's registration requirements in Sec-

tion 589.400.1(7) of SORA are based on the person's present status as a sex offender who "has been or is required" to register pursuant to SORNA. *Toelke,* 389 S.W.3d at 167. Therefore, if an individual has been required to register pursuant to SORNA, he or she is presently required to register pursuant to SORA. *Id.*

Solomon concedes that he was required to register as a sex offender pursuant to SORNA. That registration requirement triggered an independent obligation for him to register pursuant to Section 589.400.1(7) of SORA. The registration requirements of SORA are lifetime registration requirements, unless the following narrow criteria are met:

(1) All offenses requiring registration are reversed, vacated or set aside;

(2) The registrant is pardoned of the offenses requiring registration;

(3) The registrant is no longer required to register and his or her name shall be removed from the registry under the provisions of subsection 6 of this section; or

(4) The registrant may petition the court for removal or exemption from the registry under subsection 7 or 8 of this section and the court orders the removal or exemption of such person from the registry.

Section 589.400.3.

Solomon does not meet any of the preceding exceptions. Although Solomon's federal registration requirement lapsed after the expiration of fifteen years, his lifetime requirement to register under Missouri law persists. In sum, we find that Solomon's requirement to register as a sex offender pursuant to SORNA triggered an independent obligation for him to register as a sex offender pursuant to SORA. Further, Solomon is subject to Missouri's lifetime registration requirement irrespective of the expiration of the federal registration obligation. Point granted.

We do not address the Defendants' second point alleging that the trial court erred in finding Solomon was not subject to Missouri's sex offender registration laws because the criminal information and sentencing and judgment forms failed to allege the victim's age. Solomon's requirement to register as a sex offender was not based solely on SORA, but, rather, it was triggered by his requirement to register pursuant to SORNA. As such, Solomon's argument that there was not sufficient information that would require registration pursuant to SORA is of no consequence.

## III. CONCLUSION

The trial court's judgment entered in favor of Solomon on his petition for declaratory judgment is reversed and remanded for a finding consistent with this opinion.

ROBERT G. DOWD, Jr., P.J. and ROY L. RICHTER, J., Concur.