John DOE, Plaintiff–Appellant,

v.

Ron REPLOGLE, Superintendent, Missouri State Highway Patrol, and Thomas Volner, Sheriff, Reynolds County, and Robert Johnson, Reynolds County Prosecutor, Defendants–Respondents.

No. SD 32538.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 15, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 6, 2013.

Application for Transfer Denied Feb. 4, 2014.

Jonathan T. Sternberg, Kansas City, MO, for appellant.

Emily A. Dodge, Jefferson City, MO, for respondents.

MARY W. SHEFFIELD, J.

John Doe ("Plaintiff") appeals the trial court's entry of summary judgment in a declaratory action case. Plaintiff's suit requested a determination that he was not required to register as a sex offender and an injunction requiring law enforcement officials to remove his information from the sex offender registry. On appeal, Plaintiff raises two points: (1) requiring him to register as a sex offender violates Article I, Section 13 of the Missouri Constitution because his conviction occurred before Missouri enacted the Sex Offender Registry Act ("SORA");[1] and (2) the federal Sex Offender Registration and Notification Act ("SORNA")[2] does not impose an independent obligation to register be-

---

1. *See* § § 589.400 to 589.420 RSMo Cum. Supp. (2013).

2. *See* 42 U.S.C. § § 16901 to 16929 (2012).

cause Plaintiff's registration period has ended. These arguments are without merit, and the trial court's judgment is affirmed.

### Standard of Review

"Whether a motion for summary judgment should be granted is a question of law and our review is essentially *de novo.*" *Doe v. Lee,* 296 S.W.3d 498, 499 (Mo.App. E.D.2009) (quoting *ITT Commercial Finance Corp. v. Mid–Am. Marine Supply,* 854 S.W.2d 371, 380 (Mo. banc 1993)). "We must determine whether the moving party has demonstrated an 'undisputed right to judgment as a matter of law' on the basis of the material facts about which there is no genuine dispute." *S.A.S. v. B.P.,* 314 S.W.3d 348, 352 (Mo.App. E.D. 2010). "We will review the record in the light most favorable to the party against whom judgment has been entered." *Lee,* 296 S.W.3d at 499.

### Factual and Procedural Background

Plaintiff, who was then a member of the U.S. Army, was convicted of murder and sodomy in a military court in 1979. Plaintiff "was the instigator of the violence that led to the death of the drunken victim." Furthermore, "[t]he circumstances surrounding the offenses of murder and sodomy were extremely aggravating." Plaintiff kicked the victim about the head until the victim lost consciousness. Plaintiff then goaded another participant in the crime "into committing anal intercourse on the unconscious victim, [and] attempted to masturbate in the victim's face[.]" Plaintiff and his associates then urinated on the victim's prostrate form and left him without attempting to ascertain his condition or need for medical care. Plaintiff was found guilty of the offenses and sentenced to confinement at hard labor for 35 years.

Plaintiff was released on parole on July 13, 1990.

On September 24, 2009, Plaintiff filed a petition for declaratory judgment and injunctive relief, naming as defendants the Reynolds County Sheriff and the Missouri State Highway Patrol (collectively "Defendants"). Plaintiff sought a determination of whether SORA applied to him and contested the constitutionality of the statute. Defendants answered the petition and filed a motion for summary judgment. The trial court entered summary judgment in favor of Defendants. The trial court found (1) the statute was not unconstitutional as applied to Plaintiff; and (2) Plaintiff was a tier III offender with a lifetime registration requirement and therefore was required to register under SORA and SORNA. This appeal followed.

### Discussion

#### Point I: Article I, Section 13

In his first point, Plaintiff argues the trial court erred in granting summary judgment because requiring Plaintiff to register as a sex offender "violates the prohibition on laws retrospective in their operation in Mo. Const. art. I, § 13[.]" This argument is without merit because it would dictate a result contrary to the most recent controlling precedent from the Supreme Court of Missouri which this Court is constitutionally bound to follow.

The Supreme Court of Missouri addressed the interplay between SORA and SORNA in *Doe v. Keathley,* 290 S.W.3d 719 (Mo. banc 2009). In *Keathley,* several offenders who had been convicted of sex crimes in other states or in military court before January 1, 1995, filed an action seeking a declaration that Section 589.400.1(7), which, among other things, required Missouri residents to register if they were required to register in another state or under federal or military law,

violated the Missouri Constitution prohibition on retrospective laws. *Keathley,* 290 S.W.3d at 720. In addressing the claim, the Supreme Court of Missouri focused on the text of Article I, Section 13, which states: "[t]hat no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted." *Id.* Based on the inclusion of the phrase "can be enacted" the Court found the challengers had to show "the registration requirement arises from the enactment of a state law." *Id.* The Court noted SORNA required sex offenders to register in each jurisdiction where the offender resided. *Id.* Thus, the Court reasoned that a registration requirement based on SORNA did not arise from the enactment of a state law. *Id.* Thus, the Court held "SORNA imposes an independent obligation requiring respondents to register as sex offenders in Missouri." *Id.* The independent obligation imposed by SORNA is not affected by the retrospective law clause in the Missouri Constitution. *Id.*

Plaintiff's case presents the exact factual scenario presented in *Keathley.* In *Keathley,* one of the petitioners was a person who had been convicted of a sex crime in a military court prior to January 1, 1995. *Id.* Here, Plaintiff was convicted of sodomy in a military court in 1979. The statute under which Plaintiff was convicted defined sodomy as "engag[ing] in unnatural carnal copulation with another person[.]" 10 U.S.C. § 925 (2012). Thus, it is an offense involving sexual contact with another. Consequently, sodomy under 10 U.S.C. § 925 is a sex offense under SORNA and therefore Plaintiff is a sex offender under SORNA. *See* 42 U.S.C. § 16911(5)(A)(i) (2012). As in *Keathley,* Plaintiff's obligation to register as a sex offender did not arise from the enactment of a state law, so the prohibition in Article

I, Section 13 of the Missouri Constitution does not apply.

In an attempt to avoid this conclusion, Plaintiff argues SORNA is subordinate to the Missouri Constitution because it was enacted under the Spending Clause of the United States Constitution as opposed to the Commerce Clause of the United States Constitution. In support, he discusses 42 U.S.C. Section 16925(b). This type of argument was recently rejected in *Roe v. Replogle,* No. SC92978, 408 S.W.3d 759, 768–69, 2013 WL 5460628, at *7 (Mo. banc Oct. 1, 2013). In that case, the Supreme Court of Missouri rejected an argument that SORNA contemplated yielding to state constitutional law, reasoning that 42 U.S.C. Section 16925(b) governed the determination of when *states* have substantially implemented SORNA and did not address when *offenders* have a duty to register. *Id.*

The trial court did not err in determining that the application of the registration requirement to Plaintiff did not violate Article I, section 13 of the Missouri Constitution. Plaintiff's first point is denied.

### *Point II: Registration Period*

In his second point, Plaintiff argues the trial court erred in finding he had a duty to register because any duty he had to register would have expired before SORNA was enacted. We disagree because the trial court correctly found Plaintiff is a tier III sex offender.

Under SORNA, the length of a particular offender's registration obligation is determined by the severity of the offense through the use of a three-tier classification system. *See* 42 U.S.C. § 16915 (2012). Under that system, a tier I sex offender must register for 15 years, a tier II sex offender must register for 25 years, and a tier III sex offender must register for life. *Id.* Determining which tier an offender falls into requires reference to 42 U.S.C.

§ 16991, which provides in pertinent part that a tier III sex offender is:

> a sex offender whose offense is punishable by imprisonment for more than 1 year and—
>
> > (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:
> >
> > > (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)[.]

42 U.S.C. § 16911 (2012).

■ Plaintiff contends the trial court erred because Plaintiff is a tier I offender, so his registration period lapsed 15 years after he was released on probation in 1990. Thus, according to Plaintiff, his registration period ended in 2005 so he was never required to register under SORNA. Plaintiff is incorrect.

Plaintiff was convicted of sodomy by force and without the consent of the victim and was sentenced to 35 years incarceration. One of the ways sexual abuse under 18 U.S.C. § 2242 can be committed is by knowingly "engag[ing] in a sexual act with another person if that other person is ... physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act[.]" *Id.* In the present case, Plaintiff kicked the victim in the head until the victim was rendered unconscious. Then he encouraged another man to sodomize the victim. Thus, there was a sexual act and at the time the victim was physically incapable of declining participation. Plaintiff's offense was comparable to, and arguably more serious than, sexual abuse under 18 U.S.C. § 2242. *See United States v. Fasthorse,* 639 F.3d 1182, 1184–85 (9th Cir.2011) (upholding a conviction for sexual abuse under 18 U.S.C. Section 2242 where the defendant had sex with a woman while she was asleep).

Plaintiff argues his offense was not comparable to sexual abuse because he did not himself engage in a sexual act with a victim. This argument ignores the well-settled law of accomplice liability. Under the Uniform Code of Military Justice, when a person encourages another to commit an offense, that person is equally guilty as the person who actually commits the act. *See, e.g., United States v. Minor,* 11 M.J. 608, 610 (A.C.M.R.1981). Under the facts of this case, the fact that Plaintiff did not perform the act of sodomy does not render his offense less severe.

The trial court did not err in determining Plaintiff was a tier III sex offender. Plaintiff's second point is denied.

### *Decision*

The trial court's judgment is affirmed.

GARY W. LYNCH, and DON E. BURRELL, JJ., CONCUR.