

# Missouri Court of Appeals

### Southern District

### Division Two

| | | | |
|---|---|---|---|
| MARK J. HORTON, | ) | | |
| | ) | | |
| Petitioner-Appellant, | ) | | |
| | ) | | |
| vs. | ) | No. SD33329 | |
| | ) | | |
| STATE OF MISSOURI, | ) | **Filed: April 13, 2015** | |
| | ) | | |
| Respondent-Respondent. | ) | | |

APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Timothy W. Perigo, Circuit Judge

## AFFIRMED

Mark J. Horton ("Petitioner") appeals the trial court's denial of his petition for the removal of his name from Missouri's sex offender registry. We affirm the trial court's judgment because Petitioner "has been . . . required" to register under the federal Sex Offender Registration and Notification Act ("SORNA")[1] and, as a result, is required to register under Missouri's Sex Offender Registration Act ("SORA")[2] even though he may no longer be required to register under SORNA.

---

[1] 42 U.S.C. §§ 16901, *et seq*. (effective July 27, 2006).

[2] Section 589.400, *et seq*., RSMo Cum.Supp. 2008.

1

**Facts and Procedural History**

As the appellant, Petitioner had the responsibility to prepare a record on appeal that is sufficient to permit us to resolve his claim in this appeal. Rule 81.12(c)-(e);[3] *Hall v. Hall*, 345 S.W.3d 291, 292 n.1 (Mo.App. S.D. 2011). Petitioner has failed to do so. The legal file contains only a docket sheet, a one-page petition, and a one-page judgment. Only a single transcript was filed with us, and that transcript reflects a hearing at which no evidence was tendered or admitted, and the trial court's only substantive action at the hearing was to take judicial notice of state and federal statutes. No exhibits were deposited with us. We present the facts that are accepted as true by both Petitioner and the State.[4]

These "agreed" facts are the following. In January 1996, Petitioner entered an *Alford* plea of guilty to the class A misdemeanor of sexual abuse in the second degree for conduct that occurred in 1993 in Newton County in violation of section 566.110, RSMo Cum.Supp. 1990.[5] At the time of the offense, Petitioner was older than twenty and Petitioner's victim was thirteen. Petitioner's misdemeanor offense caused him to be "a tier I sex offender" under SORNA.

In addition, the record shows that, on December 11, 2013, in Newton County, Petitioner filed a petition to remove his name from the "sexual offender registry."

---

[3] All rule references are to Missouri Court Rules (2015).

[4] *See Riggins v. Director of Revenue*, No. SD33368, 2015 WL 452440, at *1 n.2 (Mo.App. S.D. January 27, 2015) (discussing rules for determining facts on appeal when the record is incomplete).

[5] *North Carolina v. Alford*, 400 U.S. 25 (1970). In a plea pursuant to the principles announced in *Alford*, a defendant affirmatively claims he is innocent of the crime to which he is pleading guilty, but "intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Id.* at 37. "An *Alford* plea . . . 'stands on equal footing with one in which an accused specifically admits the commission of the particular act charged.'" *Wilson v. State*, 813 S.W.2d 833, 843 (Mo. banc 1991) (quoting *Jenkins v. State*, 788 S.W.2d 536, 538 (Mo.App. S.D. 1990)).

Among other facts alleged in the petition are that Petitioner "has duly registered" and "[u]nder Section 16915(a)(1) of SORNA (42 U.S.C. § 16915), [Petitioner] no longer has a duty to register." The trial court held a hearing on February 14, 2014. At the hearing, the trial court expressed the view that "[i]t's a legal issue, not factual," and counsel for Petitioner responded "[a]ll right. That sounds good." No evidence was tendered or admitted at the hearing, and the trial court's only substantive action at the hearing was to take judicial notice of state and federal statutes. The trial court denied Petitioner's petition on April 2, 2014.

**Analysis**

In his sole point relied on, Petitioner claims that the trial court erred in denying his petition to remove his name from Missouri's sex offender registry because Missouri's Sex Offender Registration Act does not apply to Petitioner's pre-2000 plea to a misdemeanor, and because Petitioner is a "federal tier I sex offender" and "may be removed from the registry 15 years after" his plea. We deny Petitioner's point because it ignores well-established Missouri law.

In reviewing a court-tried case, we will:

affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. [*Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)]. The interpretation and application of a statute to a given set of facts is a question of law we review de novo, giving no deference to the trial court's conclusions. *See Otte v. Edwards*, 370 S.W.3d 898, 900 (Mo.App. E.D.2012).

*Solomon v. St. Charles County Prosecuting Attorney's Office*, 409 S.W.3d 487, 489 (Mo.App. E.D. 2013).

3

Petitioner is correct that SORA does not require him to register as a sex offender based solely on his pre-2000 plea to a misdemeanor because (1) SORA did not require registration for a misdemeanor until August 28, 2000, and (2) Missouri's constitutional prohibition on laws enacted by the state being "retrospective in [their] operation" prevents SORA from applying retroactively to Petitioner's pre-2000, misdemeanor plea. *Doe v. Keathley*, 290 S.W.3d 719, 20 (Mo. banc 2009) ("On August 28, 2000, [SORA] was amended to require registration for misdemeanor offenses under chapter 566."); *Doe v. Phillips*, 194 S.W.3d 833, 849-53 (Mo. banc 2006) (SORA cannot be applied to "those persons who were convicted or pled guilty prior to" SORA's effective date because of Missouri's constitutional prohibition of "laws [that are] retrospective in their operation"); *Doe v. Blunt*, 225 S.W.3d 421 (Mo. banc 2007) (applied *Phillips* to an amendment of SORA that added an offense to those offenses requiring registration).

However, SORA also requires a person to register as a sex offender who "has been or is required to register under . . . federal . . . law." Section 589.400.1(7), RSMo Cum.Supp. 2008; *Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012). The federal Sex Offender Registration and Notification Act (effective July 27, 2006) imposes an independent, federally mandated registration requirement that is not subject to Missouri's constitutional ban on state laws that operate retrospectively. *Doe v. Keathley*, 290 S.W.3d at 720; *Roe v. Replogle*, 408 S.W.3d 759, 767-69 (Mo. banc 2013). Further, SORNA has applied to persons who pled guilty before its enactment since at least August 1, 2008, following the United States Attorney General's issuance of final guidelines. *Vaughan v. Missouri Department of Corrections*, 385 S.W.3d 465, 468 (Mo.App. W.D. 2012); *United States v. Whitlow*, 714 F.3d 41 (1st Cir.), *cert. denied*, 134 S.Ct. 287

4

(2013); *see also* **Doe v. Keathley**, 290 S.W.3d at 720 ("SORNA applies to individuals who committed a sex offense prior to July 2[7], 2006. 42 U.S.C. section 16913(d); 28 C.F.R., section 72.3."); **Roe v. Replogle**, 408 S.W.3d at 768 ("SORNA's registration requirement applies to all individuals convicted of a sex offense. Sections 16911(1), 16913. Accordingly, an offender who completed his involvement with the criminal justice system before the enactment of SORNA, such as Mr. Roe, still may be required to register. **Doe v. Keathley**, 344 S.W.3d [759,] 770 [(Mo.App. W.D. 2011)].").

As a tier I sex offender under SORNA, Petitioner was required to "keep his registration current for" fifteen years "unless . . . allowed a reduction." 42 U.S.C. §16915(a)(1). If allowed, the reduction for a tier I sex offender is five years. 42 U.S.C. §16915(b)(3)(A). The record does not contain any evidence that Petitioner ever sought or was "allowed" a reduction. As a result, at a minimum, Petitioner was required to register as a sex offender under SORNA from at least August 1, 2008 to January 2011, when his fifteen year registration period expired. Inasmuch as Petitioner "has been" required to register under federal law, he now is required to register in Missouri under SORA even though he may no longer be required to register under federal law. **Toelke**, 389 S.W.3d at 167. As the Eastern District recently summarized in the context of a defendant's guilty plea to a misdemeanor in April 1996:

> In their first point on appeal, Defendants contend the trial court erred in finding Solomon met his federal registration obligation and, therefore, did not have to register under Missouri law. Defendants argue that a sex offender who has been or is required to register under federal law is required to register under Missouri law, even if the federal requirement has lapsed. We agree.
> The interplay between the federal registration requirements pursuant to SORNA and Missouri's registration requirements pursuant to SORA has been well-documented. *See* **Doe v. Toelke**, 389 S.W.3d 165, 166–67 (Mo. banc 2012); **Doe v. Keathley**, 290 S.W.3d 719, 720–21 (Mo.

5

banc 2009). SORA requires a Missouri resident to register as a sex offender if he or she "has been or is required to register under ... federal ... law...." Section 589.400.1(7). SORNA provides "a sex offender shall register ... in each jurisdiction where the offender resides." 43 U.S.C. Section 16913(a).

. . . .

Solomon's requirement to register as a sex offender pursuant to SORNA triggered an independent obligation for him to register as a sex offender pursuant to SORA. As such, Solomon's contention that his federal registration requirement cannot serve as the sole basis to require registration under Missouri law is belied by the controlling precedents. In *Toelke* and *Keathley*, the Missouri Supreme Court held that a Missouri resident deemed a sex offender pursuant to the terms of SORNA has an "independent, federally mandated registration requirement" that triggers the individual's duty to register in Missouri. *Toelke*, 389 S.W.3d at 167; *Keathley*, 290 S.W.3d at 720. The court found that the State's registration requirements in Section 589.400.1(7) of SORA are based on the person's present status as a sex offender who "has been or is required" to register pursuant to SORNA. *Toelke*, 389 S.W.3d at 167. Therefore, if an individual has been required to register pursuant to SORNA, he or she is presently required to register pursuant to SORA. *Id.*

Solomon concedes that he was required to register as a sex offender pursuant to SORNA. That registration requirement triggered an independent obligation for him to register pursuant to Section 589.400.1(7) of SORA. The registration requirements of SORA are lifetime registration requirements, unless . . . narrow criteria are met[.]

*Solomon*, 409 S.W.3d at 489-90; *see also* ***Doe v. Replogle***, 445 S.W.3d 573, 575-76

(Mo.App. S.D. 2013), *cert. denied*, 134 S.Ct. 2853 (2014) (similar summary of the law in

the context of a tier III sex offender). Petitioner does not claim that he meets any of the

"narrow criteria" that permit a reduced registration period under SORA. Petitioner now

is required to register under SORA because he "has been" required to register under

federal law (i.e., SORNA) from at least August 1, 2008 until January 2011.

In the argument portions of his briefs, Petitioner raises two claims that were not

pled, or presented to, or decided by the trial court, and were not included in his point

relied on in this appeal. We decline to review either of these claims because we will not

6

convict a trial court of error on an issue not presented to the trial court for decision. *Vaughan*, 385 S.W.3d at 468; *see also* **Brown v. Brown**, 423 S.W.3d 784, 788 (Mo. banc 2014) ("'An issue that was never presented to or decided by the trial court is not preserved for appellate review.'" (quoting **State ex rel. Nixon v. American Tobacco Co., Inc.**, 34 S.W.3d 122, 129 (Mo. banc 2000)); **Doe v. Keathley**, 344 S.W.3d 759, 770 (Mo.App. W.D. 2011) ("Doe's petition only sought relief on the basis that he had not been 'convicted' of a sex offense within the meaning of the statute. He did not allege that he should be exempted from SORNA's registration requirements because he had completed his involvement in Missouri's criminal justice system at the time the statute became effective. Doe is not entitled to relief on a ground he did not assert in the circuit court."). In addition, an argument not included in an appellant's point relied on is not preserved for our review. Rule 84.04(e) ("The argument shall be limited to those errors included in the 'Points Relied On.'"); **State v. Guinn**, No. SD33028, 2014 WL 6845559, *3 n.4 (Mo.App. S.D. Dec. 4, 2014).

Petitioner's point is denied, and the trial court's judgment is affirmed.

Nancy Steffen Rahmeyer, J. - Opinion Author

Mary W. Sheffield, P.J. - Concurs

Don E. Burrell, J. - Concurs

7