

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

LIANA MacCOLL (formerly known as )
LIANA M. BRADFORD), )
 )
Appellant, )
v. ) WD84739
 )
 ) OPINION FILED:
MISSOURI STATE HIGHWAY ) May 3, 2022
PATROL and BOONE COUNTY, )
MISSOURI, SHERIFF, )
 )
Respondents. )

**Appeal from the Circuit Court of Boone County, Missouri**
**The Honorable Jeff Harris, Judge**

**Before Division Two:** Karen King Mitchell, Presiding Judge, and
Edward R. Ardini, Jr., and Thomas N. Chapman, Judges

Liana MacColl appeals from the entry of summary judgment in favor of the Missouri State

Highway Patrol and the Boone County, Missouri, Sheriff (collectively, the State) in MacColl's

action seeking a declaration that she is not required to register as a sex offender in Missouri.

MacColl raises four points on appeal. She argues that the motion court erred in granting summary

judgment to the State and denying her opposing motion for summary judgment because the court

erroneously concluded that she was required to register under (1) the federal Jacob Wetterling

Crimes Against Children and Sexually Violent Offender Registration Act, 42 U.S.C. § 14071[1] (Point I); (2) the Missouri Sex Offender Registration Act, § 589.400 *et seq.* RSMo (MO-SORA), beginning with the 2000 amendments to MO-SORA (Point II); and (3) MO-SORA's catch-all provision for individuals required to register under federal law because MacColl was subject to the federal Sex Offender Registration and Notification Act, 34 U.S.C. § 20901[2] *et seq.* (SORNA) (Point III). In her final point, MacColl claims the motion court erroneously concluded that she cannot apply for a retroactive reduction in the applicable registration period under SORNA. For the reasons discussed below, we affirm the motion court's judgment.

### Background[3]

By Information dated August 21, 1995, MacColl was charged with having "deviate sexual intercourse with an unnamed juvenile female, to whom MacColl was not married and who then was under the age of seventeen years." That same day, MacColl pled guilty to one count of the class A misdemeanor of sexual misconduct in the first degree under § 566.090 RSMo (1994). MacColl was sentenced to one year in the Boone County Jail with execution of sentence suspended, and she was placed on two years' supervised probation. As a condition of her probation, MacColl was required to complete a sex offender program and obtain counseling as directed by her probation officer. MacColl was discharged from probation on August 21, 1997.

Sometime during the summer of 2000, MacColl learned of changes to Missouri's sex offender registration requirements and contacted the Boone County Sheriff's Office to ask whether she was required to register. MacColl was advised to register, which she did for the first time on

---

[1] The Jacob Wetterling Act has since been repealed.

[2] Initially, SORNA was codified in 42 U.S.C. § 16901 *et seq.* (2006). In 2017, SORNA was editorially reclassified as 34 U.S.C. § 20901 *et seq.* (2017). The reclassification did not change the substance of the relevant provisions. We use the current section numbers for ease of reference.

[3] We "review[] the record in the light most favorable to the party against whom judgment was entered." *Newton v. Mercy Clinic E. Cmtys.*, 596 S.W.3d 625, 628 (Mo. banc 2020).

August 24, 2000. She has continued to register and, before this proceeding, she had not requested or received a reduction in her registration period.

On October 7, 2020, MacColl filed a two-count petition for declaratory judgment; she filed an amended petition on December 21, 2020. In her first count, MacColl sought a declaration that her offense be classified as a Tier I offense under § 589.414.5, that she does not have an independent obligation to register under SORNA, and that she is eligible for removal from Missouri's registry under § 589.401. For her second count, MacColl seeks relief under § 589.401, including a judgment directing that she be removed from Missouri's registry and that she no longer be required to register.

The parties filed opposing motions for summary judgment. On July 23, 2021, the motion court issued its judgment granting the State's motion and denying MacColl's motion. The court concluded that (1) MacColl was required to register under the Jacob Wetterling Act at the time of her guilty plea in 1995 because the offense to which she pled guilty was a sex offense against a minor; (2) MacColl was required to register under MO-SORA beginning with the 2000 amendments, which required registration of misdemeanor offenses and of any person who has been or is required to register under federal law; (3) MacColl's obligation to register under federal law continued under SORNA until her 15-year registration obligation expired in 2010; and (4) MacColl is not entitled to retroactively request a reduction of the 15-year registration period. Thus, the court concluded that, as a matter of law, MacColl was required to register under MO-SORA because she has been required to register under federal law and is not entitled to removal from Missouri's registry. MacColl appeals.[4]

---

[4] The State urges us to dismiss MacColl's appeal for failure to comply with Rule 84.04(c), which requires that an appellant's brief contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Here, MacColl's brief incorporated by reference facts stated in her summary judgment reply below and then set out "Relevant Procedural Facts" that were largely argumentative in nature. We agree with the State that MacColl failed to comply with Rule 84.04(c). "Failure to include, in the statement of facts, the facts upon which an appellant's claim of error is based fails to preserve the contention for appellate review." *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 585 (Mo. App. E.D. 2009). "A violation of Rule 84.04(c)

**Standard of Review**

"A circuit court's grant of summary judgment is subject to *de novo* review on appeal." *Holmes v. Steelman*, 624 S.W.3d 144, 148 (Mo. banc 2021). "Summary judgment is proper when the moving party demonstrates there is no genuine dispute about material facts and, under the undisputed facts, the moving party is entitled to judgment as a matter of law." *Connor v. Ogletree*, 542 S.W.3d 315, 319 (Mo. banc 2018) (quoting *Parr v. Breeden*, 489 S.W.3d 774, 778 (Mo. banc 2016)). "We will affirm the trial court's summary judgment on any ground supported by the record, whether relied upon by the trial court or not." *Payne v. City of St. Joseph*, 58 S.W.3d 84, 86 (Mo. App. W.D. 2001).

**Analysis**

MacColl raises four points on appeal. She argues that the motion court erred in granting the State's motion for summary judgment and denying her summary judgment motion because the court erroneously concluded that she was required to register under (1) the Jacob Wetterling Act (Point I); (2) MO-SORA beginning in 2000 (Point II); and (3) MO-SORA because she "has been or is required to register under . . . federal . . . law" (Point III). For Point IV, MacColl claims the motion court erroneously concluded that she cannot apply for a retroactive reduction under SORNA.[5] For ease of discussion, we consider MacColl's first three points together.

The motion court concluded that MacColl was required to register as a sex offender on three grounds—the Jacob Wetterling Act, the 2000 amendments to MO-SORA, and MO-SORA's

---

standing alone, constitutes grounds for dismissal of an appeal." *Id.* Despite MacColl's briefing deficiencies, however, "our preference is to resolve cases on the merits." *Southside Ventures, LLC v. La Crosse Lumber Co.*, 574 S.W.3d 771, 783 n.4 (Mo. App. W.D. 2019). "To the extent we are able to understand the nature of the claim[s] presented, and the [State] was able to understand and effectively address those claim[s] in its responsive brief, we exercise our discretion to review [MacColl's] claims ex gratia." *Id.* (quoting *C.S. v. Mo. Dep't of Soc. Servs.*, 491 S.W.3d 636, 644 n.9 (Mo. App. W.D. 2016)).

[5] MacColl does not challenge the motion court's conclusion that she is not entitled to have her name removed from Missouri's registry. Instead, she argues that she should not have been required to register in the first place. Thus, we do not address the criteria for removal from Missouri's registry under § 589.401.

"catch-all" provision requiring registration by any person "who is a resident of this state and . . . has been or is required to register under . . . federal . . . law."[6] § 589.400.1(7). We find the third ground dispositive.

Since 1994, Congress has required each state to maintain a federally compliant sex offender registration program in order to receive certain federal funding. In an effort to make the various state programs more comprehensive, effective, and uniform, Congress enacted SORNA in 2006. In relevant part, SORNA provides, "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides[.]" 34 U.S.C. § 20913(a). A "sex offender" is "an individual who was *convicted* of a sex offense."[7] *Id.* § 20911(1). A "sex offense" includes, among other things, "a criminal offense that has an element involving a sexual act or sexual contact with another" and "a criminal offense that is a specified offense against a minor." *Id.* § 20911(5)(A)(i), (ii). A "specified offense against a minor" includes, among other things, "[c]riminal sexual conduct involving a minor" and "[a]ny conduct that by its nature is a sex offense against a minor." *Id.* § 20911(7)(H), (I). "SORNA's definition of a 'specified offense against a minor' [i]s intended to be broad." *Wilkerson v. State*, 533 S.W.3d 755, 759 (Mo. App. W.D. 2017). "Congress cast a wide net to ensnare as many offenses against children as possible." *Id.* (quoting *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (en banc).

In 2008, SORNA was applied to all sex offenders, even those who were convicted before 2006, by means of interim and final U.S. Department of Justice rules. *Peters v. Jackson Cnty.*

---

[6] This "catch-all" provision was originally added to MO-SORA in 2000 as § 589.400.1(5) RSMo (2000). MO-SORA was later amended and the operative language moved to § 589.400.1(7) RSMo (2018). We use the current section number for ease of reference.

[7] "[T]he meaning of 'convicted' for purposes of SORNA is a matter of federal law." *Doe v. Keathley*, 344 S.W.3d 759, 765 (Mo. App. W.D. 2011) (quoting 73 Fed. Reg. 38,030, 38,040 (July 2, 2008)). MacColl's guilty plea resulting in a suspended execution of sentence constitutes a "conviction" for purposes of SORNA. *See United States v. Craddock*, 593 F.3d 699, 701 n.4 (8th Cir. 2010) (noting that "both suspended impositions of sentence and suspended executions of sentence qualify as prior convictions for purposes of [certain enhanced penalty provisions]").

*Sheriff*, 543 S.W.3d 85, 88 (Mo. App. W.D. 2018) (citing 72 Fed. Reg. 8894 (Feb. 28, 2007) and 73 Fed. Reg. 38,030 (July 2, 2008)); *see also Horton v. State*, 462 S.W.3d 770, 773 (Mo. App. S.D. 2015) ("SORNA has applied to persons who pled guilty before its enactment since at least August 1, 2008, following the United States Attorney General's issuance of final guidelines.").[8]

MacColl meets the definition of a sex offender under SORNA because she was convicted of a sex offense. 34 U.S.C. § 20911(1). MacColl was charged with having "deviate sexual intercourse with an unnamed juvenile female, to whom MacColl was not married and who then was under the age of seventeen years." MacColl pled guilty to one count of the class A misdemeanor of sexual misconduct in the first degree under § 566.090 RSMo (1994). At the relevant time, that section stated:

1. A person commits the crime of sexual misconduct in the first degree if [s]he has deviate sexual intercourse with another person of the same sex or [s]he purposely subjects another person to sexual contact or engages in conduct which would constitute sexual contact except that the touching occurs through the clothing without that person's consent.

2. Sexual misconduct in the first degree is a class A misdemeanor unless the actor has previously been convicted of an offense under this chapter or unless in the course thereof the actor displays a deadly weapon in a threatening manner or the offense is committed as a part of a ritual or ceremony, in which case it is a class D felony.[9]

---

[8] SORNA "imposes an independent, federally mandated registration requirement that is not subject to Missouri's constitutional ban on state laws that operate retrospectively." *Horton v. State*, 462 S.W.3d 770, 773 (Mo. App. S.D. 2015); *see also Petrovick v. State*, 537 S.W.3d 388, 391 (Mo. App. W.D. 2018) (Article I, § 13 of the Missouri Constitution "does not prohibit the application of [MO-]SORA to those individuals who are or have been subject to the independent registration requirements of SORNA." (quoting *Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012)). "When . . . the state registration requirement is based on an independent federal registration requirement, article I, section 13 is not implicated because the state registration requirement . . . is based on the person's present status as a sex offender who 'has been' required to register pursuant to SORNA." *Id.* (quoting *Toelke*, 389 S.W.3d at 167).

[9] In 2013, § 566.090 was redesignated and transferred to § 566.101, which is titled "Sexual abuse, second degree, penalties." The current iteration of Section 566.101 states:

1. A person commits the offense of sexual abuse in the second degree if . . . she purposely subjects another person to sexual contact without that person's consent.
2. The offense of sexual abuse in the second degree is a class A misdemeanor, unless it is an aggravated sexual offense, in which case it is a class E felony.

6

Here, MacColl does not dispute that the offense to which she pled guilty constitutes criminal sexual conduct involving a minor, which is a specified offense against a minor under SORNA.[10] Thus, MacColl is a sex offender under SORNA and, as such, is subject to SORNA's registration requirements. 34 U.S.C. § 20913(a).

The parties agree that, for purposes of SORNA, MacColl is considered a Tier I (the least severe category) sex offender. The registration period for a Tier I sex offender is 15 years. 34 U.S.C. § 20915(a)(1). Because MacColl was not sentenced to imprisonment, her registration period commenced when she was "sentenced for the offense giving rise to the registration requirement." 28 C.F.R. § 72.5(b)(2); *see Petrovick v. State*, 537 S.W.3d 388, 391 (Mo. App. W.D. 2018) (Petrovick's 15-year registration period under SORNA began to run when the circuit court issued its judgment accepting his guilty plea and placing him on probation.); *Carr v. Mo. Att'y Gen. Off.*, 560 S.W.3d 61, 66 (Mo. App. W.D. 2018) (The registration period began to run when the court accepted Carr's guilty plea.). In MacColl's case, the 15-year registration period ran from 1995 to 2010. Thus, at a minimum, MacColl was subject to SORNA from 2008 to 2010.

Missouri "integrate[d] the registration requirements of SORNA into MO-SORA through section 589.400.1(7)."[11] *Selig v. Russell*, 604 S.W.3d 817, 822 (Mo. App. W.D. 2020). That section requires any Missouri resident who "has been or is required to register under . . . federal . . . law" to register under MO-SORA. § 589.400.1(7). "The registration requirements of [MO-]SORA are lifetime registration requirements, unless . . . narrow criteria are met." *Horton*, 462 S.W.3d at 774 (quoting *Solomon v. St. Charles Cnty. Prosecuting Attorney's Off.*, 409 S.W.3d

---

[10] Missouri courts use a non-categorical approach to determine whether an offense includes conduct that, by its nature, is a sex offense against a minor. *Doe v. Frisz*, SC99310, 2022 WL 1228964 at *2 (Mo. banc Apr. 26, 2022). The non-categorical approach allows courts to consider both the guilty plea and the underlying facts of the offense to determine whether it qualifies as a "sex offense." *Id.*

[11] "The failure to do so would risk Missouri's receipt of certain federal funding and the Missouri Legislature enacted provisions protecting that revenue source." *Selig v. Russell*, 604 S.W.3d 817, 822 (Mo. App. W.D. 2020).

487, 490 (Mo. App. E.D. 2013)).  As the Southern District explained in *In re Kennedy*, 411 S.W.3d 873, 878 (Mo. App. S.D. 2013),

> Under section 589.400.7, only those individuals "currently on the sexual offender registry *for having been convicted of, found guilty of, or having pleaded guilty or nolo contendere to*" the listed offenses may petition for the removal of his or her name from the sexual offender registry.  Kennedy is on the registry because of his status as a sex offender who "has been or is required" to register pursuant to SORNA.  *Id.*; § 589.400.1(7).  Therefore, Kennedy is not eligible for removal from Missouri's Sex Offender Registry pursuant to section 589.400.7 of [MO-]SORA, and the trial court misapplied the law by ordering removal of his name.

*See also Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo. banc 2012) (Offenders that are required to register under SORNA are subject to lifelong registration under MO-SORA because § 589.400.1(7) requires registration of any person who "has been" required to register under SORNA).

The uncontroverted material facts show that MacColl is required to register under § 589.400.1(7) of MO-SORA because she "has been . . . required to register" under SORNA.  Thus, under the undisputed facts, the State is entitled to judgment as a matter of law on the question of whether MacColl is subject to registration.

Point III is denied.[12]

In Point IV, MacColl claims the motion court erred when it ruled that, because MacColl had not sought a reduction in her registration period in the past, she could not seek one now as part of the present action.  MacColl acknowledges that she did not previously request a reduction to her 15-year registration period under SORNA.  But she claims that she is entitled to a reduction because she maintained a clean record from 1995 to 2005 and, had she been allowed a reduction,

---

[12] Because we can affirm the grant of summary judgment on any basis supported by the record, *Payne v. City of St. Joseph*, 58 S.W.3d 84, 86 (Mo. App. W.D. 2001), and the record supports affirming on the basis of MacColl's obligation to register under SORNA and, by extension MO-SORA, we need not address whether MacColl was also required to register under the Jacob Wetterling Act (Point I) and the 2000 amendments to MO-SORA (Point II).

her obligation, if any, to register would have expired before SORNA went into effect so she would never have been required to register under federal law. And, if she were not required to register under SORNA, she was not required to register under MO-SORA. We disagree.

SORNA requires a Tier I sex offender, like MacColl, to "keep [her] registration current for the full registration period . . . unless the offender is allowed a reduction under [§ 20915(a)(1)]." 34 U.S.C. § 20915(a). The 15-year registration period for a Tier I sex offender "shall be reduced" if the offender maintains a clean record for ten years by

> [1.] not being convicted of any offense for which imprisonment for more than 1 year may be imposed;
>
> [2.] not being convicted of any sex offense;
>
> [3.] successfully completing any periods of supervised release, probation, and parole; and
>
> [4.] successfully completing . . . an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.

§ 20915(b). *See* 28 C.F.R. § 72.5(c) ("If a tier I sex offender has maintained for 10 years a clean record, as described in 34 U.S.C. [§] 20915(b)(1), the period for which the sex offender must register and keep the registration current . . . is reduced by 5 years.").[13]

MacColl cites no authority allowing a retroactive reduction in the applicable registration period and, as the person seeking a declaratory judgment that her registration period should have been retroactively reduced, she bears the burden of proving she is entitled to such relief. *City of Aurora v. Spectra Commc'ns Grp., LLC*, 592 S.W.3d 764, 796 (Mo. banc 2019) ("In a declaratory

---

[13] In the argument section of her brief, MacColl asserts that the "clean record" reduction applies automatically and, thus, her failure to seek a reduction in the past is inconsequential. But "an argument not included in an appellant's point relied on is not preserved for our review." *Horton*, 462 S.W.3d at 774 (citing rule 84.04(e)). Moreover, it is clear from the nature of the "clean record" criteria in 34 U.S.C. § 20915(b) that the "clean record" reduction does not apply automatically but, instead, requires an analysis of whether an offender meets the criteria. *See, e.g., United States v. Templin*, 354 F. Supp. 3d 1181, 1182-83 (D. Mont. 2019) (After analyzing Templin's "clean record" evidence, the court granted his motion for reduction in the duration of his federal registration requirement.).

judgment action the burden of proof rests . . . on the party who asserts the issue according to the cause of action.") (quoting *Shaffer v. Terrydale Mgmt. Corp.*, 648 S.W.2d 595, 609 (Mo. App. W.D. 1983)).

Moreover, MacColl could have applied for a reduction in her registration period under SORNA in 2008, but she did not. And, even if she had applied for a reduction back then, it would not have changed the outcome because, at that point, she was required to register under SORNA and, thus, required to register under MO-SORA. *See Petrovick*, 537 S.W.3d at 391 ("If Petrovick was *ever* subject to an obligation to register under SORNA, th[at] would trigger his obligation to register under the state SORA statute."); *Selig*, 604 S.W.3d at 823 ("Even if an offender is eligible for removal under SORNA and under MO-SORA, they will still be a person who 'has been' required to register under SORNA and thus required to register pursuant to section 589.400.1(7) for their lifetime."). Thus, "an offender who completed h[er] involvement with the criminal justice system before the enactment of SORNA . . . still may be required to register." *Horton*, 462 S.W.3d at 773 (citing *Doe v. Keathley*, 344 S.W.3d 759, 770 (Mo. App. W.D. 2011)).

MacColl suggests that this interpretation of SORNA, MO-SORA, and relevant case law would single her out for unfair treatment in that she is denied the opportunity for a reduction under SORNA. But our reading of the statutes and cases puts MacColl on a level ground with any sex offender who has been subject to SORNA at any time in the past. *See Khatri v. Trotter*, 554 S.W.3d 482, 483 (Mo. App. S.D. 2018) ("[W]e cannot affirm the judgment [removing Khatri's name from Missouri's sex offender registry] because of the requirement under [MO-SORA] that a person must register on the Missouri registry if the person has been required to register *at any time* on the federal registry.").

The uncontroverted material facts show that MacColl is required to register under § 589.400.1(7) of MO-SORA because she "has been . . . required to register" under SORNA. Thus, under the undisputed facts, the State is entitled to judgment as a matter of law on the question of MacColl's ineligibility for a retroactive reduction in her registration period.

Point IV is denied.

## Conclusion

Because MacColl is required to register as a sex offender under MO-SORA, the motion court's award of summary judgment in favor of the State is affirmed.

_____
Karen King Mitchell, Presiding Judge

Edward R. Ardini, Jr., and Thomas N. Chapman, Judges, concur.

11