**John DOE, Respondent,**

v.

**Col. Ron REPLOGLE in his Official Capacity as Superintendent of the Missouri Highway Patrol, Appellant.**

**No. WD 72188.**

Missouri Court of Appeals, Western District.

April 26, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 2011.

Application for Transfer Denied Aug. 30, 2011.

---

Jamie K. Lansford and Arthur A. Benson, II, Kansas City, MO, for appellant.

Jeremiah Morgan, Jefferson City, MO, for respondent.

Before: ALOK AHUJA, P.J., and VICTOR C. HOWARD and CYNTHIA L. MARTIN, JJ.

ALOK AHUJA, Judge.

Colonel Ron Replogle, Superintendent of the Missouri Highway Patrol, appeals from a declaratory judgment in favor of a Missouri resident, styled John Doe. In the underlying declaratory judgment action, Doe raised the same issue we have addressed in *Doe v. Keathley*, 344 S.W.3d 759, (Mo.App. 2011), which is also being decided today: whether he can be required to register as a sex offender under the federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901–16929, based on his earlier plea of guilty in the Circuit Court of Jackson County to a charge of sexual abuse in the first degree, where the court ordered that Doe be placed on probation, and suspended the imposition of sentence.

## Factual Background

The plaintiff, John Doe, entered an *Alford*[1] plea to a charge of sexual abuse in the first degree on April 27, 1992, in the Circuit Court of Jackson County. Doe received a suspended imposition of sentence ("SIS") and three years' probation. Doe completed his probation and was released from supervision. He registered as a sex offender in 2009, following a Missouri Supreme Court decision which held that SORNA imposes a registration requirement on sex offenders that is independent of the requirements of the state sex-offender registration law. *Doe v. Keathley*, 290 S.W.3d 719, 720 (Mo. banc 2009).

Doe filed a petition for declaratory judgment in the Circuit Court of Cole County on September 18, 2009, seeking a declaration that "the registration mandate of SORNA only applies to individuals convicted of a sexual offense," and that, "[a]s a consequence of Plaintiff's successful release from probation following a Suspended Imposition of Sentence, Plaintiff has no conviction of the Sexual Abuse offense." In response, the defendant (at that time, Colonel James Keathley, whom Replogle succeeded) filed a motion to dismiss. Subsequently, both sides briefed the legal issues involved, and the court heard oral argument. The circuit court thereafter entered judgment in Doe's favor, concluding that "[u]nder Missouri law, a suspended imposition of sentence is not a conviction," and that "a suspended imposition of sentence will not satisfy a federal statute that requires a conviction to trigger its application." This appeal follows.

## Analysis

In *Doe v. Keathley*, we are holding today that federal law, not state law, controls the

---

1. Under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a criminal defendant may enter a knowing, voluntary and effective guilty plea while simultaneously protesting his innocence. *Id.* at 37, 91 S.Ct. 160.

question whether a prior state-court guilty plea, followed by probation and an SIS, constitutes a "convict[ion]" which triggers SORNA's registration requirements. *Doe v. Keathley* also holds that, under federal law, such a state-court disposition constitutes a prior "conviction." The circuit court accordingly erred in this case in concluding that Doe was not required to register under SORNA because the disposition of his earlier charges would not be considered a "conviction" under state law. Doe raises arguments in defense of the circuit court's judgment which have been fully addressed in our opinion in *Doe v. Keathley,* and we therefore rely on the discussion in that opinion without reproducing it here.

### Conclusion

For the reasons stated above and in *Doe v. Keathley,* No. WD72121, the circuit court's judgment is reversed.

All concur.