

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

MONTRELL JAMES,     )     No. ED104199

    )

      Respondent,     )     Appeal from the Circuit Court

    )     of St. Louis County

vs.     )

    )

MISSOURI STATE HIGHWAY PATROL,     )     Honorable Barbara W. Wallace

    )

      Appellant.     )

    )     FILED: November 29, 2016

The Missouri State Highway Patrol ("Highway Patrol") appeals from the order and judgment of the Circuit Court of St. Louis County removing Petitioner Montrell James ("Petitioner") from the Missouri sex offender registry. We reverse.

## I. Background

On October 2, 2012, Petitioner was indicted for attempted deviate sexual assault, two counts of armed criminal action and second-degree child molestation for his alleged actions on November 7, 2009, with regard to a 15-year-old female while Petitioner was 18 years old. The indictment alleged Petitioner acted in concert with three other perpetrators in assaulting the victim and that a firearm was displayed during the assault. An Information in Lieu of Indictment filed on April 14, 2011, added two counts of first-degree sexual misconduct. Also on April 14, 2011, Petitioner pled guilty to the two counts of first-degree sexual misconduct, in violation of

Section 566.090 RSMo.[1] in the Circuit Court of St. Louis County; he registered as a sex offender with St. Louis County law enforcement immediately after his guilty plea. He was sentenced on November 3, 2011, to eight months in the St. Louis County Justice Center and given credit for all time served.

On May 5, 2015, Petitioner filed a Petition for Declaratory Judgment and Removal From Sex Offender Registry Pursuant to Missouri's statutes, Sections 589.400.8 and 589.400.9, in the Circuit Court of St. Louis County. After admitting that he was required to register as a sex offender with the Missouri sex offender registry based on his 2011 guilty plea, Petitioner argued he met the requirements for removal set forth in Section 589.400.8, including the requirement that no force or threat of force was used in the underlying offense. He sought an order from the court declaring he was no longer required to register. The Highway Patrol answered the petition, denying Petitioner's claim that no force or threat of force was used in the commission of the underlying offense.

The Highway Patrol filed a Motion to Dismiss, arguing that Petitioner was not eligible for removal from the Missouri sex offender registry because (1) force or threat of force was used in the commission of the offense, and (2) he has an "independent, federally mandated registration requirement" pursuant to the federal Sex Offender Registration and Notification Act ("SORNA"). Petitioner denied that he had any duty to register under SORNA. The circuit court heard and denied the Highway Patrol's Motion to Dismiss.

On December 3, 2015, the circuit court held an evidentiary hearing on Petitioner's petition for declaratory judgment. Petitioner testified and denied that he used any physical force during the sex offense or that a weapon was involved. During cross-examination, the Highway

---

[1] All statutory references are to RSMo. (Supp 2015) unless otherwise indicated.

Patrol impeached Petitioner with the juvenile victim's deposition testimony in which she testified that a firearm was used during the assault. Petitioner testified that he had no recollection of the events described by the victim in her deposition. The Highway Patrol then offered the victim's deposition testimony from the underlying criminal case as evidence offered to impeach Petitioner's testimony. Petitioner objected to the deposition testimony on hearsay grounds, and although the court physically accepted the deposition testimony, it indicated that it would not review the deposition testimony unless and until the court deemed the testimony admissible. At the conclusion of the evidentiary hearing, the court requested further briefing from the parties as to Petitioner's eligibility for removal from the registry and the admissibility of the deposition transcript. The parties filed briefs outlining their positions on these issues.

The circuit court took judicial notice of its file from the underlying criminal case, including the original Indictment and Information In Lieu of Indictment. Both referred to a weapon being used in the assault.

On February 18, 2016, the circuit court entered a judgment sustaining Petitioner's hearsay objection to the deposition testimony. The court found no evidence that force or threat of force was used in the commission of the offense, Petitioner was not a threat to public safety, and he was not a Tier II sex offender for federal SORNA purposes. Thus, the circuit court granted Petitioner's request to be removed from the sex offender registry.

The Highway Patrol appeals from the circuit court's judgment.

## II. Discussion

The Highway Patrol raises two points on appeal. First, it alleges the trial court erred in granting Petitioner's request to be removed from the Missouri sex offender registry, because Petitioner's conduct makes him a sex offender requiring registration pursuant to SORNA, in that

3

Petitioner is a sex offender under 42 U.S.C. § 16911(1), and 42 U.S.C. § 16913(a) requires such sex offenders to register in the jurisdiction where the offender resides.

Second, the Highway Patrol alleges the circuit court erred in not admitting prior deposition testimony of the victim because the deposition was admissible in that it can be used for any purpose in a civil case and deposition testimony from a criminal case can be used in a subsequent civil case when the identity of the issues and parties are the same.

A.  Standard of Review

An appellate court will reverse a judgment of a trial court when "it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." Doe v. Isom, 429 S.W.3d 436, 439 (Mo. App. E.D. 2014); Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).  Moreover, if an issue has already been decided, the question is one of *stare decisis*, which requires adherence to decided case precedents.  Med. Shoppe Int'l, Inc. v. Dir. of Revenue, 156 S.W.3d 333, 334-35 (Mo. banc 2005).

B.  Analysis

The Highway Patrol alleges the trial court erred in granting Petitioner's request to remove him from the Missouri sex offender registry based on federal and state law.

First we examine the federal law that requires one to be registered as a sex offender. Congress enacted the Sex Offender Registration and Notification Act ("SORNA") in 2006 as part of the Adam Walsh Child Protection and Safety Act, Pub.L. 109-248, Tit. I, 120 Stat. 590. Doe v. Keathley, 344 S.W.3d 759, 762 (Mo. App. W.D. 2011).  SORNA requires sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student," 42 U.S.C. § 16913(a). Individuals subject to SORNA's registration requirements are identified in 42 U.S.C. § 16911(1),

4

which provides that "[t]he term 'sex offender' means an individual who was convicted of a sex offense." A sex offense is defined as "a criminal offense that has an element involving a sexual act or sexual contact with another," 42 U.S.C. 16911(5)(A)(i), or "a criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(A)(ii). A "specified offense against a minor includes "criminal sexual conduct involving a minor," 42 U.S.C. § 16911(7)(H), and "*any* conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(I) (emphasis added). Under the federal statutes, a minor is a person under the age of 18. 42 U.S.C. § 16911(14).

Furthermore, SORNA divides sex offenders into three categories: tier I, tier II, and tier III. 42 U.S.C. § 16911(2)-(3). Tier I is the least severe tier and includes all sex offenders that are not tier II or tier III.[2] 42 U.S.C. § 16911(2). Tier I sex offenders are required to register for 15 years, 42 U.S.C. § 16915(a)(1), unless they qualify for the clean record reduction, which registration period is ten years. 42 U.S.C. § 16915(b)(2)(A). The "clean record" reduction applies to offenders who have not been convicted of an offense "for which imprisonment for

---

[2] Tier II sex offender means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and (A) is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:
(i) sex trafficking;
(ii) coercion and enticement;
(iii) transportation with intent to engage in criminal sexual activity;
(iv) abusive sexual contact;
(B) involves
(i) use of a minor in a sexual performance;
(ii) solicitation of a minor to practice prostitution; or
(iii) production or distribution of child pornography; or
(C) occurs after the offender becomes a tier I sex offender.

A tier III sex offender means a sex offender whose offense is punishable by imprisonment for more than 1 year and (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense;
(i) aggravated sexual abuse or sexual abuse; or
(ii) abusive sexual contact against a minor who has not attained the age of 13 years;
(B) involves kidnapping of a minor (unless committed by a parent or guardian); or
(C) occurs after the offender becomes a tier II sex offender.
42 U.S.C. § 16911(3)-(4).

more than 1 year may be imposed," who have not subsequently been "convicted of any sex offense," and have completed any applicable probation or parole periods and "an appropriate sex offender treatment program." 42 U.S.C. § 16915(b)(1).

Petitioner pled guilty in 2011 to two counts of first-degree sexual misconduct, a sex offense pursuant to chapter 566, RSMo. He admitted to conduct involving touching the breasts of a 15-year-old female acquaintance without her consent. He was sentenced to eight months in the St. Louis County Justice Center and given credit for all time served and was not subject to any probationary or parole period. Therefore, Petitioner was a tier I sex offender under SORNA because his offense was a sex offense that did not rise to the level of a tier II or tier III sex offense. Accordingly, tier I sex offenders are required to register for 15 years unless the offender qualifies for the "clean record" reduction of ten years. 42 U.S.C. § 16915(b)(2)(A). Even assuming that Petitioner's registration requirement for his 2011 conviction was ten years with the "clean record" reduction, his duty to register is still required until 2021. Otherwise his registration requirement will last until 2026.

Petitioner argued in his petition for declaratory judgment and removal from the sex offender registry that he met the requirements for removal under Missouri's statute, Sections

6

589.400, subsections 8 and 9.[3] The circuit court granted that request. However, the circuit court failed to consider that Petitioner's federally-mandated duty to register as a sex offender pursuant to SORNA operates independently of any duty to register under Missouri's registration requirement. Doe v. Keathley, 290 S.W.3d 719 (Mo. banc 2009). In Doe v. Keathley, the defendant sex offenders were convicted prior to the enactment or revision of Section 589.400, but subject to registration in Missouri pursuant to SORNA. Id. at 720. There, the defendants challenged the validity of Missouri's Sex Offender Registration Act ("SORA"), Sections 589.400 to 589.420, and claimed it violated the prohibition on *ex post facto* laws found in article I, section 13 of the Missouri Constitution. Id. The Missouri Supreme Court concluded SORA did not violate the constitution because "SORNA imposed an independent obligation requiring [defendants] to register as sex offenders in Missouri." Id.

---

[3] Section 589.400.8 provides that

> any person on the sexual offender registry for having been convicted of, found guilty of, or having pled guilty or nolo contendere to an offense included under subsection 1 of this section may file a petition after two years have passed from the date the offender was convicted or found guilty of or pled guilty or nolo contendere to the offenses in the civil division of the circuit court in the county in which the offender was convicted or found guilty of or pled guilty or nolo contendere to the offense or offenses for removal of his or her name from the registry if such person was nineteen years of age or younger and the victim was thirteen years of age or older at the time of the offense and no physical force or threat of physical force was used in the commission of the offense, unless such person meets the qualifications of this subsection, and such person was eighteen years of age or younger at the time of the offense, and is convicted or found guilty of or pleads guilty or nolo contendere to a violation of section 566.068, 566.090, 566.093, or 566.095 when such offense is a misdemeanor, in which case, such person may immediately file a petition to remove or exempt his or her name from the registry upon his or her finding or pleading of guilty or nolo contendere to such offense.

Section 589.400.9(1) further provides that the court may grant such relief under subsection 8 of this section if such person demonstrates to the court that he or she has complied with the provisions of this section and is not a current or potential threat to public safety. The prosecuting attorney in the circuit court in which the petition is filed must be given notice, by the person seeking removal or exemption from the registry, of the petition to present evidence in opposition to the requested relief or may otherwise demonstrate the reasons why the petition should be denied. Failure of that person seeking removal or exemption from the registry to notify the prosecuting attorney of the petition shall result in an automatic denial of such person's petition. If the prosecuting attorney is notified of the petition, he or she shall make reasonable efforts to notify the victim of the crime for which the person was required to register of the petition and the dates and times of any hearings or other proceedings in connection with that petition.

Therefore, we find that Petitioner's duty to register in Missouri pursuant to SORNA operates independently of any duty he may have under SORA. Thus, even if Petitioner met the requirements for removal in Sections 589.400.8 and 589.400.9, he still has a duty to register under the federally mandated requirement of SORNA.

Moreover, Section 589.400.1(7) in Missouri dictates the SORA lifetime registration requirements for any offender who "has been or is required to register" under federal law. Any duty to register under SORNA triggers SORA's lifetime registration requirements pursuant to Doe v. Toelke, 389 S.W.3d 165 (Mo. banc 2012). In Toelke, a sex offender admitted he previously had a duty to register pursuant to SORNA, but his SORNA registration requirement had expired. Id. at 166. Doe filed a declaratory judgment action in the circuit court claiming that requiring him to register under SORA was an unconstitutional retrospective application of the law and that he had no duty to register under SORNA. Id. Reversing the trial court's judgment in favor of the sex offender, the Missouri Supreme Court held that when the state registration requirement is based on an independent federal registration requirement, article I, section 13 is not implicated because the state registration requirement is not based solely on the fact of a past conviction; instead, the state registration requirement is based on the person's present status as a sex offender who "has been" required to register pursuant to SORNA. Id. at 167.

Accordingly, Petitioner's status as a SORNA sex offender triggers SORA's lifetime registration requirement. Section 589.400.1(7). Pursuant to Missouri's statute, Petitioner is required to register as a sex offender in Missouri for life even after his federal registration requirement expires. Applying Missouri precedent that Petitioner's duty to register in Missouri pursuant to SORNA operates independently of any duty he may have under SORA, we find that

8

the circuit court erroneously applied the law when it issued its judgment and order.  The

Highway Patrol's first point is granted.  Because this point is dispositive of the appeal, we need

not discuss the Highway Patrol's second point on appeal.  We reverse and remand this case with

directions to the circuit court to deny Petitioner's request for removal from the sex offender

registry.

### III.  Conclusion

The circuit court's judgment is reversed and remanded with instructions to deny

Petitioner's request for removal from the sex offender registry.

_____
ROY L. RICHTER, Judge

Sherri B. Sullivan, P.J., concurs.
Colleen Dolan, J., concurs.