Steven Brent **PETROVICK,**
**Respondent,**

v.

**STATE of Missouri, Appellant.**

**WD 80337**

Missouri Court of Appeals,
Western District.

Filed: January 9, 2018

William L. Thompson, Jefferson City, for appellant.

David A. Kelly, Lee's Summit, for respondent.

Before Division Three: Lisa White Hardwick, P.J., and Victor C. Howard and Alok Ahuja, JJ.

Alok Ahuja, Judge

Respondent Steven Petrovick pleaded guilty to first-degree sexual assault in 1991. In 2016, he filed a petition in the Circuit Court of Jackson County, seeking to be removed from the State's sex-offender registry. The circuit court granted Petrovick relief. The State appeals. Because we conclude that Petrovick was never subject to an obligation to register as a sex offender under either federal or state law, we affirm.

## Factual Background

In June 1991, Petrovick engaged in sexual intercourse with a fourteen-year-old girl. He was nineteen years old at the time. Petrovick was charged in the Circuit Court of Jackson County with sexual assault in the first degree, a class C felony, in violation of § 566.040, RSMo 1986. Petrovick pleaded guilty, and on November 4, 1991, the circuit court suspended the imposition of sentence and placed him on probation for two years. Petrovick was successfully discharged from probation in October 1993.

Petrovick did not register as a sex offender until August or September 2015. Then on January 21, 2016, he filed a petition in the circuit court pursuant to § 589.400.8,[1] seeking to be released from sex-offender registration requirements.

After holding an evidentiary hearing, the circuit court entered judgment in Petrovick's favor on November 22, 2016. The court found that Petrovick "is not a current or potential threat to the public safety." The judgment also found that he "was never found in violation for failure to register as a sex offender," and that he "has been in compliance with Section 589.400 RSMo. since he became aware of his duty to register in August 2015." The court concluded that

> [p]ursuant to [§ ] 589.400.8 RSMo., [Petrovick] is eligible to be removed from the sex offender registry given that [he] was age 19 and the victim was age 14 or 15 [at the time of the offense], no force or threat of force was used, and at least two years have passed since [Petrovick] was found guilty of said crime.

The circuit court accordingly ordered that Petrovick's "name shall be removed from the sex offender registry."

The State appeals.

1. Unless otherwise indicated, statutory citations refer to the 2016 edition of the Revised Statutes of Missouri.

### Standard of Review

"An appellate court will reverse a judgment of a trial court when 'it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law.'" *James v. Mo. State Hwy. Patrol*, 505 S.W.3d 378, 381 (Mo. App. E.D. 2016) (citation omitted); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Questions of statutory interpretation ... are reviewed de novo." *Brainchild Holdings, LLC v. Cameron*, No. SC96376, 534 S.W.3d 243, 245, 2017 WL 6012216, at *1 (Mo. banc Dec. 5, 2017) (citation omitted).

### Analysis

Missouri's Sex Offender Registration Act ("SORA"), § 589.400 *et seq.*, became effective on January 1, 1995. The statute

imposes registration and notification requirements on persons committing crimes listed in chapter 566, certain other sexual crimes, and certain crimes that are not inherently sexual in nature but the legislature believes to be associated with a risk of sexual offenses against minors, such as child kidnapping.

*Doe v. Phillips*, 194 S.W.3d 833, 839 (Mo. banc 2006) (citations omitted). In addition to registration requirements, SORA also restricts the conduct of offenders. *See* § 589.426. Violation of the registration requirements and conduct restrictions can subject offenders to criminal prosecution.

Missouri law imposes sex-offender registration requirements on several categories of persons. Among others, the State imposes registration obligations on "[a]ny person who ... has been or is hereafter convicted of ... committing, attempting to commit, or conspiring to

commit a felony offense of chapter 566 ... or any offense of chapter 566 where the victim is a minor." § 589.400.1(1). The statute separately imposes registration requirements on "[a]ny person who ... has been or is required to register under tribal, federal, or military law." § 589.400.1([7]).

*Wilkerson v. State*, No. WD79996, 533 S.W.3d 755, 758, 2017 WL 4363864, at *2 (Mo. App. W.D. Oct. 3, 2017).

Because Article I, § 13 of the Missouri Constitution prohibits any law "retrospective in its operation," SORA's registration requirements do not apply to offenders based solely on their conviction of a relevant offense before SORA became effective in January 1995. *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006). Therefore, Petrovick is not subject to SORA's registration requirements based on the fact that he pleaded guilty in 1991 to a felony offense under chapter 566 involving a minor victim. § 589.400.1(1).

SORA also imposes registration requirements on "[a]ny person who ... has been or is required to register under ... federal ... law," however. § 589.400.1(7). And the federal Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20901 *et seq.* ("SORNA"),[2] *does* apply to individuals who were convicted of relevant sexual offenses before SORNA's enactment in July 2006. *See Reynolds v. United States*, 565 U.S. 432, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012).

The Missouri Supreme Court has held that it does not violate Article I, § 13 of the Missouri Constitution for SORA to impose registration requirements on pre-enactment offenders who are or were subject

---

**2.** Effective September 1, 2017, SORNA's provisions were recodified without substantive change into Title 34 of the U.S. Code. *See* http://uscode.house.gov/editorialreclassifi

cation/t34/index.html. The relevant statutory provisions previously appeared at 42 U.S.C. §§ 16901 *et seq.*

to an independent federal registration obligation. The Court explained:

It is true that article I, section 13 prohibits the state from imposing registration requirements based solely on the commission of a sex crime prior to the January 1, 1995, enactment of SORA. However, article I, section 13 does not prohibit the application of SORA to those individuals who are or have been subject to the independent registration requirements of SORNA. When, as in this case, the state registration requirement is based on an independent federal registration requirement, article I, section 13 is not implicated because the state registration requirement is not based solely on the fact of a past conviction. Instead, the state registration requirement is based on the person's present status as a sex offender who "has been" required to register pursuant to SORNA.

*Doe v. Toelke*, 389 S.W.3d 165, 167 (Mo banc. 2012) (citations omitted).

■ Therefore, the question becomes whether Petrovick "has been or is required to register under ... federal ... law." § 589.400.1(7). If Petrovick was *ever* subject to an obligation to register under SORNA, this would trigger his obligation to register under the state SORA statute. *Toelke*, 389 S.W.3d at 167.

The parties agree that, based on Petrovick's 1991 guilty plea, he falls within SORNA's definition of a "Tier I sex offender." *See Wilkerson*, 533 S.W.3d at 758, 2017 WL 4363864, at *3 (describing SORNA's definition of a "sex offender").[3] Unless otherwise excused, an offender who falls within Tier I (the least severe category) is required to register for 15 years. 34 U.S.C. § 20915(a)(1).

The State acknowledges that Petrovick's 15-year registration period under the federal SORNA statute began to run on November 4, 1991, the date of the circuit court's judgment accepting his guilty plea and placing him on probation. *See* Department of Justice, *National Guidelines for Sex Offender Registration and Notification*, 73 FED. REG. 38,030, 38,068/2 (July 2, 2008) ("The required registration period begins to run ... at the time of sentencing for a sex offender who receives a nonincarcerative sentence for the offense."). The State then argues that the 15-year term of Petrovick's federal registration obligation would have continued until November 2006.[4] Because SORNA was enacted in July 2006, the State argues that Petrovick was subject to SORNA's registration obligation from July 2006 to November 2006, and that he therefore was an offender who "has been ... required to register under ... federal ... law" for purposes of § 589.400.1(7).

The State erroneously assumes that the federal SORNA statute became applicable to pre-enactment offenders immediately upon SORNA's enactment in July 2006. The State's assumption might be accurate

---

**3.** Petrovick received a suspended imposition of sentence ("SIS") and two years' probation for his 1991 offense. Although such a disposition is generally not considered a "conviction" under Missouri law, a guilty plea followed by an SIS constitutes a "conviction" for purposes of the federal SORNA statute. *Doe v. Keathley*, 344 S.W.3d 759, 768 (Mo. App. W.D. 2011); *Doe v. Replogle*, 344 S.W.3d 757 (Mo. App. W.D. 2011).

**4.** The Department of Justice's *National Guidelines* contemplate that "a jurisdiction may credit a sex offender with a pre-SORNA conviction with the time elapsed from his release (or the time elapsed from sentencing, in case of a nonincarcerative sentence) in determining what, if any, remaining registration time is required." 73 FED. REG. at 38,036/1; *see also id.* at 38,046/3-38,047/1 (describing case in which an offender's federal registration obligation expired prior to SORNA's enactment).

in the typical case—generally, a statute becomes applicable to all persons who fall within its coverage on the statute's effective date. But SORNA is unusual in this regard: it provides that "[t]he Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter." 34 U.S.C. § 20913(d). Under § 20913(d), the Supreme Court of the United States held that SORNA did not become applicable to pre-enactment offenders when the statute became effective in July 2006; instead, the Court held that "the Act's registration requirements do not apply to pre-Act offenders until the Attorney General so specifies." *Reynolds*, 565 U.S. at 445, 132 S.Ct. 975.

There may be some uncertainty as to the precise date on which the Attorney General of the United States specified that SORNA would apply to pre-enactment offenders. *Reynolds* recognized that, on February 28, 2007, "the Attorney General promulgated an Interim Rule specifying that '[t]he requirements of [the Act] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act.'" *Id.* at 436-37, 132 S.Ct. 975 (quoting 72 Fed. Reg. 8,894, 8,897/3 (codified at 28 C.F.R. § 72.3)). The publication of the Interim Rule in February 2007 may not be the relevant trigger date, however. In *Vaughan v. Missouri Department of Corrections*, 385 S.W.3d 465, 468 (Mo. App. W.D. 2012), we recognized that "courts since *Reynolds* have found that SORNA's registration requirements became effective with respect to sex offenders convicted before SORNA's enactment on August 1, 2008, when the Attorney General published *final* rules and regulations concerning SORNA." *Id.* at 468 (emphasis added); *see*

*also Horton v. State*, 462 S.W.3d 770, 773 (Mo. App. W.D. 2015) ("SORNA has applied to persons who pled guilty before its enactment since at least August 1, 2008, following the United States Attorney General's issuance of final guidelines"). At least one federal appellate court has held that even issuance of the *final* rules in August 2008 may not have been sufficient to trigger the retroactive application of the statute. *United States v. Ross*, 848 F.3d 1129, 1134 (D.C. Cir. 2017).

To resolve this appeal, it is unnecessary for this Court to decide exactly when the Attorney General of the United States effectively exercised his authority under 34 U.S.C. § 20913(d) "to specify the applicability of [SORNA's] requirements ... to sex offenders convicted before the [statute's] enactment." The earliest possible date on which that authority was exercised was February 28, 2007, the publication date of the Attorney General's Interim Rule. According to the State, however, Petrovick's 15-year federal registration period expired in November 2006, months before publication of the Interim Rule, and almost two years before the publication of the Attorney General's final guidelines. No matter which version of the federal rule triggered the application of SORNA to pre-enactment offenders, Petrovick's 15-year term expired before he was ever subject to a federal registration obligation. Petrovick was never required to register as a sex offender under SORNA.

Therefore, Petrovick was *not* an offender who "has been ... required to register under ... federal ... law," § 589.400.1(7), and he was not subject to any registration obligation under Missouri's SORA statute. The circuit court correctly ordered that Petrovick's name be removed from the State's sex offender registry.[5]

**5.** The basis for our affirmance is different    from the rationale adopted by the trial court.

## Conclusion

The judgment of the circuit court is affirmed.

All concur.

"[A]ppellate courts are 'primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result. . . .' " *State ex rel. Greitens v. American Tobacco Co.*, 509 S.W.3d 726, 736 (Mo. banc 2017) (quoting *Rouner v. Wise*, 446 S.W.3d 242, 249 (Mo. banc 2014)). We may accordingly affirm a circuit court's judgment on grounds different from those on which the circuit court relied.