The circuit court held a hearing on February 23, 2017, and granted the motion to dismiss on February 28, 2017, concluding: 1) Carr's offense involved the use or threat of physical force, thus requiring lifetime registration as a tier III sex offender under SORNA, and 2) Carr's required registration under SORNA triggered lifetime registration under SORA. Section 589.400.1(7). This appeal follows.
Standard of Review
The judgment of the circuit court will be upheld on appeal, unless " 'it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law.' " Wilkerson v. State, 533 S.W.3d 755, 757 (Mo. App. 2017) (internal citations omitted). "Statutory interpretation is an issue of law that this Court reviews de novo. "
*64 Finnegan v. Old Republic Title Co. of St. Louis, Inc. , 246 S.W.3d 928, 930 (Mo. banc 2008).
Sex Offender Registration and Notification Act
Before addressing the merits of Carr's appeal, it is instructive to review SORNA's general purpose and its tiering system for sex offenders. SORNA was enacted in 2006, as part of the Adam Walsh Child Protection and Safety Act, Pub.L. 109-248, Tit. I, 120 Stat. 590. James v. Missouri State Highway Patrol , 505 S.W.3d 378, 381 (Mo. App. 2016) (citing Doe v. Keathley , 344 S.W.3d 759, 762 (Mo. App. W.D. 2011) ). As our Eastern District has explained:
SORNA requires sex offenders to 'register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student,' 42 U.S.C. § 16913(a).
Individuals subject to SORNA's registration requirements are identified in 42 U.S.C. § 16911(1), which provides that '[t]he term "sex offender" means an individual who was convicted of a sex offense.' A sex offense is defined as 'a criminal offense that has an element involving a sexual act or sexual contact with another,' 42 U.S.C. 16911(5)(A)(i), or 'a criminal offense that is a specified offense against a minor.' 42 U.S.C. § 16911(5)(A)(ii).
A 'specified offense against a minor' includes 'criminal sexual conduct involving a minor,' 42 U.S.C. § 16911(7)(H), and 'any conduct that by its nature is a sex offense against a minor.' 42 U.S.C. § 16911(7)(I) (emphasis added). Under the federal statutes, a minor is a person under the age of 18. 42 U.S.C. § 16911(14).
James, 505 S.W.3d at 381 (footnote omitted).
Additionally, SORNA divides sex offenders into three tiers. Id. Tier I, the least severe category, refers to "a sex offender other than a tier II or tier III sex offender." 34 U.S.C. § 20911(2). The full registration period for a tier I sex offender is fifteen years. 34 U.S.C. § 20915(a)(1). Tier II includes actors who have engaged in "abusive sexual contact" with a minor. 34 U.S.C § 20911(3)(A)(iv). When conducted knowingly, any sexual contact with a minor is sexually abusive. 18 U.S.C. § 2243(a)(1)-(2).[2] The full registration period for a tier II sex offender is twenty-five years. 34 U.S.C. § 20915(a)(2). Tier III includes actors who have engaged in sexual acts "comparable to or more severe than ... aggravated sexual abuse." 34 U.S.C. § 20911(4)(A)(i). "Aggravated sexual abuse" includes conduct in which the actor "knowingly causes another person to engage in a sexual act by using force against that person." 18 U.S.C. § 2241(a)(1). The full registration period for tier III is for "the life of the offender." 34 U.S.C. § 20915(a)(3).
Analysis
I.
Carr first argues the circuit court erred in determining Carr is a tier III sex offender under SORNA and thus ineligible for removal from Missouri's Registry, because the court's determination was based on facts underlying Carr's state conviction, rather than based solely on the offense to which Carr pleaded. We agree.
*65 When determining a sex offender's tier under SORNA, courts generally employ the "categorical approach," which compares "the elements of the prior offense of conviction with the elements of the pertinent federal offense, also referred to as the 'generic' offense." U.S. v. Berry , 814 F.3d 192, 195 (4th Cir. 2016) ; see also, U.S. v. Cabrera-Gutierrez , 756 F.3d 1125, 1133-34 (9th Cir. 2014) ; U.S. v. White , 782 F.3d 1118, 1133 (10th Cir. 2015). "Because the categorical approach looks squarely at the elements of the offense of conviction, a reviewing court is precluded from examining the circumstances underlying the prior conviction." Peters v. Jackson County Sheriff , 543 S.W.3d 85, 88 (Mo. App. 2018) (quoting U.S. v. Price , 777 F.3d 700, 704-05 (4th Cir. 2015) (internal quotation marks omitted) ).
Instead of the categorical approach, the circuit court mistakenly applied the "circumstances-specific" approach, citing United States v. Hill , 820 F.3d 1003 (8th Cir. 2016). As the State concedes, this approach is generally not used to determine tiering. Rather, it is applied to determine whether an individual meets SORNA's definition of "sex offender." Id. at 1005 ; Wilkerson v. State , 533 S.W.3d 755, 758-59 (Mo. App. 2017) ("non-categorical approach" used to determine whether Appellant pleaded guilty to a "specified offense against a minor" under SORNA).
While both parties suggest a categorical approach to tier determination would require remand, we need not remand the case to conclude, at the very least, Carr is not a tier III offender. The relevant element of Carr's state conviction is that he had "sexual intercourse with another person ... who is fourteen or fifteen years old." Section 566.040, RSMo 1979. Since Tier III, in relevant part, requires use or threat of force, supra 34 U.S.C. § 20911(4)(A)(i) ; 18 U.S.C. § 2241(a)(1), and force is not an element of Carr's state conviction, Carr cannot be a tier III sex offender.[3] He must be either a tier I or tier II offender. The circuit court thus abused its discretion in looking to the circumstances of Carr's state conviction and erred in determining Carr was a tier III sex offender. Point I is granted.
II.
Carr next argues the circuit court erred in finding Carr was ever required to register under SORNA, because the federal mandate to register under SORNA elapsed before becoming applicable to Carr. Respondent contends this argument is unpreserved for appeal. However, the issue of preservation is moot, because our analysis under Point I unavoidably resolves the issue raised under Point II. This is because the date of Carr's 1980 state conviction, considered together with Carr's classification as either a tier I or tier II sex offender, places Carr outside the statutory *66 periods during which he would have been required to register under either state or federal law.
Carr is not subject to a registration obligation under SORA
SORA became effective on January 1, 1995 and "imposes registration and notification requirements on persons committing crimes," such as Carr's, "listed in chapter 566[.]" Petrovick v. State , 537 S.W.3d 388, 390 (Mo. App. 2018) (quoting Doe v. Phillips , 194 S.W.3d 833, 839 (Mo. banc 2006) (internal quotation marks omitted) ). "Because Article I, § 13 of the Missouri Constitution prohibits any law 'retrospective in its operation,' SORA's registration requirements do not apply to offenders based solely on their conviction of a relevant offense before SORA became effective[.]" Petrovick , 537 S.W.3d at 390. Carr is thus not subject to SORA's registration requirements based solely on his 1980 state conviction.
However, SORA also requires registration of "[a]ny person who ... has been or is required to register under ... federal ... law." Section 589.400.1(7). As we noted in Petrovick , SORNA "does apply to individuals who were convicted of relevant sexual offenses before SORNA's enactment in July 2006." Id. at 390 (citing Reynolds v. United States , 565 U.S. 432, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012) ). This requirement does not violate Article I, section 13 of the Missouri Constitution. Id. at 390-91. As our Supreme Court explained:
It is true that article I, section 13 prohibits the state from imposing registration requirements based solely on the commission of a sex crime prior to the January 1, 1995, enactment of SORA. However, article I, section 13 does not prohibit the application of SORA to those individuals who are or have been subject to the independent registration requirements of SORNA. When, as in this case, the state registration requirement is based on an independent federal registration requirement, article I, section 13 is not implicated because the state registration requirement is not based solely on the fact of a past conviction. Instead, the state registration requirement is based on the person's present status as a sex offender who "has been" required to register pursuant to SORNA.
Petrovick , 537 S.W.3d at 390 (Mo. App. 2018) (quoting Doe v. Toelke , 389 S.W.3d 165, 167 (Mo. banc 2012) ). Here, as in Petrovick , "the question becomes whether [Carr] 'has been or is required to register under ... federal ... law.' If [Carr] was ever subject to an obligation under SORNA, this would trigger his obligation to register under the state SORA statute." Id. at 391 (citing Toelke , 389 S.W.3d at 167 ).
Carr has never been subject to a registration obligation under SORNA
The required full registration period for tier I and tier II sex offenders is fifteen years and twenty-five years, respectively. 34 U.S.C. § 20915(a)(1)-(2). Assuming, arguendo , Carr is a tier II sex offender, the registration period began running on July 29, 1980, when the court accepted Carr's guilty plea, Petrovick, 537 S.W.3d at 391, and ended (at the latest) on July 29, 2005 - twenty-five years later. Although SORNA was enacted in 2006, the statute is unusual in that it vests the Attorney General with the authority to determine the act's applicability to pre-enactment sex-offenders. Id. at 392 (citing 34 U.S.C. § 20913(d) ). In Petrovick we determined the "earliest possible date on which that authority was exercised was February *67 28, 2007," when "the Attorney General promulgated an Interim Rule" articulating the act's applicability to pre-enactment offenders. Id. (citing Reynolds v. United States , 565 U.S. 432, 436-37, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012) ). Still assuming, arguendo , Carr is a tier II offender, his twenty-five-year registration period expired (at the latest) approximately two years before he was ever subject to SORNA's federal registration obligation. Therefore, Carr's present status is not as an offender "who has been ... required to register under ... federal law," and the circuit court erred in finding a registration obligation under SORNA triggered a registration obligation under SORA. Point II is granted.
Conclusion
The judgment of the circuit court is reversed and remanded with instructions to remove Carr's name from Missouri's Sex Offender Registry.
All concur.

Pursuant to 18 U.S.C. § 2243(a)(1)-(2), "sexual abuse of a minor" is described as "knowingly engaging in a sexual act with another person who - (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging."

The State argues that a remand is necessary to determine the actual age of the victim of Carr's state conviction, because 34 U.S.C. § 20911(4)(A)(ii) provides that an individual is a tier III sex offender if his or her offense is comparable to "abusive sexual contact (as described in section 2244 of title 18) against a minor who has not attained the age of 13 years." In U.S. v. White , 782 F.3d 1118 (10th Cir. 2015), the Court held that, even though the "categorical" approach generally applied to the tiering of offenses under SORNA, "[t]o give subsection (4)(A)(ii) meaning ..., the court must consider the specific circumstances to determine the victim's age." Id. at 1133. There is no need for a remand here, because the record plainly establishes that Carr's victim had "attained the age of 13 years" at the time of the offense. The indictment to which Carr pleaded guilty explicitly alleged that the victim "was then fourteen years old," and Carr testified in the circuit court that the victim "was thirteen years or older."