

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| GARY AUSTIN, | ) | |
| | ) | |
| Appellant, | ) | **WD84085** |
| | ) | |
| v. | ) | **OPINION FILED: January 25, 2022** |
| | ) | |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Kevin Duane Harrell, Judge

Before Division Three:  Lisa White Hardwick, Presiding Judge, Gary D. Witt, Judge and
Edward R. Ardini, Jr., Judge

Gary Austin ("Austin") appeals the judgment of the Circuit Court of Jackson

County, Missouri ("trial court"), denying his petition to be removed from the Missouri Sex

Offender Registry.  On appeal, Austin argues that the trial court erred in denying his

petition because:  (1) the "prior offenses" of which Austin was convicted arose before the

date he was required to register as a sex offender under SORNA[1] and thus are not a basis

---

[1] SORNA is the federal Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20901 *et seq.*

to deny his removal from the registry; and (2) Austin's failure to successfully complete probation was not a proper basis to deny his removal from the registry because it also occurred prior to his duty to register under SORNA. Finding no error, we affirm the judgment of the trial court.

**Factual and Procedural Background**

On May 19, 1999, Austin pleaded guilty to the crime of sexual misconduct in the first degree, section 566.090,[2] for touching the breast of a twelve-year-old child. Austin received a one-year sentence on the sex offense with execution of that sentence suspended and was placed on probation for two years under the supervision of Missouri Board of Probation and Parole. Austin's probation was revoked on May 1, 2001, for failing to notify his probation officer of a change in employment, for failing to report to his probation officer, for failing to complete sex offender treatment as ordered, and for failing to pay court costs. Austin was remanded to the custody of the Jackson County Detention Center to serve his one-year sentence.

On May 10, 2006, Austin pleaded guilty to one count of leaving the scene of a motor vehicle accident for events occurring on or about November 4, 2005, and two counts of possession of a controlled substance for events occurring on or about November 7, 2005; all three offenses were felonies. On or about June 25, 2008, Austin pleaded guilty to two

---

[2] Austin was convicted under section 566.090 of the Revised Statutes of Missouri ("R.S. Mo.") as they were in effect at the time of his offense on July 30, 1998. In 2013, the section 566.090 offense of first-degree sexual misconduct was transferred to section 566.101 and was renamed second-degree sexual abuse. *State v. Ward*, 485 S.W.3d 380, 380 n.1 (Mo. App. E.D. 2016).

counts of assault in the second degree, and one count of burglary for events occurring on or about October 14, 2007; all three offenses were felonies.

On February 5, 2019, Austin filed his petition for removal from the sex offender registry. After a hearing, the trial court denied Austin's petition, finding that Austin had been convicted of multiple felonies since the time he was required to register as a sex offender and that he did not successfully complete his probation in the sexual misconduct case, which was the offense giving rise to his registration obligation. This appeal follows.

## Standard of Review

The trial court's judgment will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "We review *de novo* questions of law in court-tried cases." *Rhea v. Sapp*, 463 S.W.3d 370, 375 (Mo. App. W.D. 2015).

## Analysis

Both of Austin's points on appeal involve the application of the effective date of a federal law to the facts of this case, and so both points will be discussed together. Missouri's Sex Offender Registration Act ("SORA"), sections 589.400 *et seq.*, became effective on January 1, 1995. The act "imposes registration and notification requirements of persons committing crimes listed in chapter 566" along with certain other crimes that could pose a risk of sexual offenses against minors. *Doe v. Phillips*, 194 S.W.3d 833, 839 (Mo. banc 2006). "In addition to registration requirements, SORA also restricts the conduct of offenders. *See* § 589.426. Violation of the registration requirements and

3

conduct restrictions can subject offenders to criminal prosecution." *Petrovick v. State*, 537 S.W.3d 388, 390 (Mo. App. W.D. 2018).

SORA, by its terms, applies to any offender who committed his/her sexual offense after July 1, 1979. Section 589.400.1(1). However, our Supreme Court has held that, since Article I, § 13 of the Missouri Constitution prohibits any law "retrospective in operation," SORA effectively only applies to convictions for relevant offenses after SORA became effective in January of 1995. *Doe*, 194 S.W.3d at 852. Irrespective, SORA's registration requirements apply to Austin's sexual offense, to which he pled guilty in 1999 for events occurring on or about July 30, 1998, and Austin did in fact register per SORA beginning in 2001.

Section 589.401.1 of SORA allows any person on the sexual offender registry to petition the circuit court to have his name removed from the registry. Such petition may only be made ten years after the person was required to register if the underlying sexual offense was a "Tier I" offense, which Austin's offense was categorized.[3] Even after the required time has passed, the circuit court is prohibited by the statute from ordering a person removed from the registration obligations under certain circumstances:

> 11. The court shall not enter an order directing the removal of the petitioner's name from the sexual offender registry unless it finds the petitioner:
>
> (1) Has not been adjudicated or does not have charges pending for any additional nonsexual offense for which imprisonment for more than one year may be imposed since the date the offender was required to register for his or her current tier level; [or]

---

[3] The parties agree that Austin's offense, as explained in footnote 2, no longer exists as an offense, but that the conduct of Austin's offense is now prohibited under section 566.101 as second-degree sexual abuse, which is a Tier I offense under SORA. Section 589.414.5.

4

(3) Has successfully completed any required periods of supervised release, probation, or parole without revocation since the date the offender was required to register for his or her current tier level[.]

Section 589.401.11(1) and (3). Because the trial court found that Austin both had multiple felony convictions after the date he was required to register for his Tier I offense and had failed to successfully complete his required period of probation since being required to register for his Tier I offense, it denied Austin's petition to be removed from the registry.

Austin's appellate brief argues that this was error because "[i]n *Petrovick v. State of Missouri*, 537 S.W.3d 388, 392 (Mo. Ct. App. W.D. 2018), a case previously heard and decided by this very Court, the Missouri Court of Appeals held that there was no legal duty for any SORA registrant to register in the State of Missouri prior to August of 2008." Austin misreads *Petrovick*.

In *Petrovick*, the offender pled guilty to sexual assault in the first degree in violation of section 566.040, RSMo. 1986, on November 4, 1991. *Petrovick*, 537 S.W.3d at 389. He was successfully discharged from probation in 1993. *Id.* All of this occurred before SORA's enactment, and thus, per *Doe*, SORA could not be applied to Petrovick retrospectively. *Id.* at 390. The question in *Petrovick*, then, was whether he was still subject to SORA by way of its incorporation of the provisions of the *federal* Sex Offender Registration and Notification Act, 34 U.S.C. §§ 20901 *et seq.* ("SORNA"), which *had* been found to be properly applicable to individuals who were convicted of relevant sexual offenses prior to its enactment. *Id. See also Reynolds v. U.S.*, 565 U.S. 432 (2012). This Court, in *Petrovick*, concluded that SORNA only applied to offenders who were required

to register as sex offenders under SORNA after August 1, 2008, when the United States Attorney General published its final rules and regulations concerning the retrospective application of SORNA. *Petrovick*, 537 S.W.3d at 392. None of this has any bearing on the application of SORA to Austin's case.

Because Austin had a duty to register as a sex offender under SORA, any additional duty he may or may not have had under SORNA is irrelevant. Austin failed to establish that he was subject to the provisions of 589.401 allowing for his removal from the SORA registry. Thus, the trial court did not err in denying Austin's petition for removal from the sex offender registry.

## Conclusion

For the above-stated reasons, we affirm the judgment of the trial court.

_____
Gary D. Witt, Judge

All concur

6