

# In the Missouri Court of Appeals
# Eastern District

**SPECIAL DIVISION**

| | | |
|---|---|---|
| CHARLES EWING, | ) | No. ED111321 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| v. | ) | Cause No. 1922-CC11861 |
| | ) | |
| COL. JOHN HAYDEN, et al, | ) | Honorable Joan L. Moriarty |
| | ) | |
| Respondents. | ) | Filed: xx, 2023 |

Charles Ewing appeals the circuit court's judgment denying his petition for removal from the Missouri sex offender registry. Ewing argues the circuit court erred in determining that he was required to register under § 589.400.1(7), RSMo Supp. 2018[1] because his 1976 conviction occurred prior to the July 1, 1979 statutory limitation. The circuit court's judgment is affirmed.

**Background**

On September 24, 1976, Ewing was convicted of rape and sentenced to two years' imprisonment in the Missouri Department of Corrections.[2] Ewing was not required to register as a sex offender at that time because no sex offender registry existed.

---

[1] All statutory references are to RSMo Supp. 2018, unless otherwise noted.
[2] The rape statute in effect at the time of the offense included forcible and statutory rape under the age of sixteen. At the time of the offense, Ewing was nineteen years old and the victim was thirteen years old.

In 2012, Ewing was convicted of felony possession of a controlled substance and sentenced to fifteen years' imprisonment. The circuit court suspended execution of Ewing's sentence and placed him on probation for five years. As a condition of his probation, the Missouri Board of Probation and Parole required Ewing to register as a sex offender due to the 1976 rape conviction. Ewing registered in compliance with this directive, and he has registered ever since.

On October 24, 2019, Ewing filed a petition for removal from the sex offender registry under § 589.401. He alleged that he was not required to register as a sex offender because his 1976 conviction predates the "since July 1, 1979" statutory limitation provided by § 589.400.1(7) and because he was never required to register under the federal Sex Offender Registration and Notification Act ("SORNA").

The circuit court denied Ewing's petition for removal, finding the record "devoid of any facts concerning the 1976 conviction." The circuit court determined that Ewing was required to register under SORNA because he failed to prove he was not a Tier III offender subject to a lifetime registration requirement. This appeal follows.

**Discussion**

In Ewing's sole point on appeal, he asserts that the circuit court erred in refusing to remove him from the sex offender registry because under § 589.400.1(7), convictions occurring before July 1, 1979, do not require registration. Ewing does not challenge the circuit court's determination that he was required to register under SORNA as a Tier III offender, expressly abandoning that argument in his briefing to this Court and at oral argument.[3] Nevertheless, Ewing argues that under

---

[3] The federal registration statute, generally known as SORNA, established three tiers of offenders. 34 U.S.C. § 20911(2)-(4). Tier III offenders are those that have committed the most serious crimes and are subject to a lifetime registration requirement under the federal law. 34 U.S.C. § 20915(a)(3). Had Ewing been determined to be a Tier II offender, he would have had a twenty-five-year registration requirement. 34 U.S.C. § 20915(a)(2). This was relevant in the circuit court

2

the plain language of § 589.400.1(7), the federal registration requirement also is subject to the July 1, 1979 limitation. As a result, the only question before this Court, is one of statutory interpretation.

Questions of statutory interpretation are reviewed *de novo*. *State ex rel. Bailey v. Fulton*, 659 S.W.3d 909, 912 (Mo. banc 2023). The "primary goal of statutory interpretation is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute." *State ex rel. Goldsworthy v. Kanatzar*, 543 S.W.3d 582, 585 (Mo. banc 2018). "If the intent of the legislature is clear and unambiguous, by giving the language used in the statute its plain and ordinary meaning, then [this Court is] bound by that intent and cannot resort to any statutory construction in interpreting the statute." *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 898 (Mo. banc 2023).

The statute at issue is § 589.400.1(7), which provides that Missouri's sex offender registration requirements apply to:

> Any person who is a resident of this state who has, since July 1, 1979, been or is hereafter adjudicated in any other state, territory, the District of Columbia, or foreign country, or under federal, tribal, or military jurisdiction for an offense which, if committed in this state, would constitute an offense listed under section 589.414, *or* has been or is required to register in another state, territory, the District of Columbia, or foreign country, *or* has been or is required to register under tribal, federal, or military law;

(emphasis added).

---

because, had the court determined that Ewing was a Tier II offender, then his federal registration requirement would have ended in 2001, which is approximately six years before SORNA was given retroactive effect. *See Petrovick v. State,* 537 S.W.3d 388, 392 (Mo. App. 2018). As a result, he never would have been required to register under federal law and would be subject to removal from the registry. As noted, the circuit court determined that Ewing failed to prove he is a Tier II offender and Ewing does not challenge that finding on appeal.

3

The plain language of § 589.400.1(7) provides three separate ways that a Missouri resident can become subject to the Missouri sex offender registration requirements. Section 589.400.1(7) applies if a Missouri resident:

(1) "has, since July 1, 1979, been or is hereinafter adjudicated in any other state, territory, the District of Columbia, or foreign country, or under federal, tribal, or military jurisdiction for an offense which, if committed in this state, would constitute an offense listed under section 589.414";

(2) "has been or is required to register in another state, territory, the District of Columbia, or foreign country"; or

(3) "has been or is required to register under tribal, federal, or military law."

Ewing is correct that his 1976 rape conviction does not fall within the first registration category. His conviction occurred before July 1, 1979, and he is, therefore, not required to register solely on the basis of his conviction.

Ewing is incorrect, however, that he has no registration requirement at all. Based on the unchallenged findings of the circuit court, Ewing "has been or is required to register under … federal … law." Under the plain language of § 589.400.1(7), this is a separate and independent basis for registration that is not affected by the July 1, 1979 limitation contained within the first category of the statute. *See Smith*, 659 S.W.3d 895 at 902 n.8 (reaffirming the "lifetime registration 'catch all' requirement via § 589.400.1(7) due to an independent federal registration obligation.") Because Ewing does not challenge the circuit court's determination that he is subject to a lifetime registration requirement under SORNA, Ewing also is subject to a lifetime registration requirement in Missouri.

## Conclusion

The circuit court did not err in applying § 589.400.1(7) and denying Ewing's petition for removal. The circuit court's judgment is affirmed.

_____
John P. Torbitzky, P.J.

James M. Dowd, J., and
Roy L. Richter, Sp.J., concur.